1  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   ELENA R. BACA (SB# 160564)
2  elenabaca@paulhastings.com
   515 South Flower Street
3  Twenty-Fifth Floor
   Los Angeles, CA 90071-2228
4  Telephone: (213) 683-6000
   Facsimile: (213) 627-0705
5
   SHANNON S. SEVEY (SB# 229319)
6  shannonsevey@paulhastings.com
   1117 S. California Avenue
7  Palo Alto, CA 94304-1106
   Telephone: (650) 320-1800
8  Facsimile: (650) 320-1900

9  Attorneys for Defendants
   BELMONT VILLAGE SUNNYVALE, INC.,
10 BELMONTCORP, AND BELMONT VILLAGE L.P.

11                UNITED STATES DISTRICT COURT

12                NORTHERN DISTRICT OF CALIFORNIA

13                   SAN FRANCISCO DIVISION

14

15 | SALVADORE TEMORES,              | CASE NO.
16 |        Plaintiff,               | [Santa Clara County Superior Court Case No.
17 |   vs.                           | 108CV106332]
18 | BELMONT VILLAGE SUNNYVALE,      | **DEFENDANTS' NOTICE OF REMOVAL**
   | INC., a California Corporation;
19 | BELMONTCORP, a Maryland
   | Corporation; BELMONT VILLAGE, and
20 | DOES 1-25, inclusive,
21 |        Defendants.

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF SALVADORE TEMORES AND TO HIS ATTORNEY OF RECORD, ASHWIN LADVA, ESQ. AND THE LADVA LAW FIRM:

PLEASE TAKE NOTICE THAT Defendants Belmont Village Sunnyvale, Inc., Belmont Village, L.P., and BelmontCorp ("Petitioners/Defendants") hereby remove this action from the Superior Court of the State of California for the County of Santa Clara to the United States District Court for the Northern District of California. This removal is based on diversity of citizenship, pursuant to 28 U.S.C. Sections 1332 and 1441(a) and (b), for the reasons stated below:

1.  On or about February 21, 2008, plaintiff Salvadore Temores ("Plaintiff") filed a Complaint in the Superior Court of the State of California for the County of Santa Clara entitled: *"Salvadore Temores v. Belmont Village Sunnyvale, Inc., a California Corporation; BelmontCorp, a Maryland Corporation; Belmont Village and DOES 1-25, inclusive,"* designated as Case No. 1-08-CV 106332 ("Complaint"). The Complaint alleges the following 6 purported causes of action: (1) "For Willful Violations of California Labor Code §§ 510 and 204 – Failure to Pay All Wages and Overtime Under California Law," (2) "For Willful Violations of California Labor Code §§ 201, 202, and 203 – Failure to Pay Wages Upon Discharge or Quitting; Waiting Time Penalties," (3) "For Willful Violations of California Labor Code § 226.7 – Failure to Afford Mandatory Breaks or Meal Periods as Required by IWC Orders and Labor Code," (4) "For Willful Violations of Labor Code §226 – Failure to Maintain Pay Records; Failure to Make Pay Records Available Upon Request," (5) "For Violations of California Business and Professions Code Sections 17200, *et seq.* Based Upon Defendants' Unfair Business Acts and Practices," and (6) For Declaratory Relief. A copy of the Summons and Complaint are attached as Exhibit "A" to the Declaration of Shannon S. Sevey ("Sevey Declaration").

2. On February 27, 2008, Plaintiff, through his counsel, caused a copy of the Summons, Complaint, and Civil Case Information Sheet to be served on Defendant Belmont Village Sunnyvale, Inc.. See Exhibit "A" to Sevey Declaration. The Complaint is the initial pleading setting forth the claim for relief upon which this action is based and may be removed. No other initial pleadings were received by Petitioners/Defendants prior to February 27, 2008. Accordingly, this Notice of Removal is being filed within thirty (30) days after receipt by Petitioners/Defendants of the initial pleading and is timely filed pursuant to 28 U.S.C. Section 1446(b).

3. On March 10, 2008, Defendant BelmontCorp served on Plaintiff a Notice of Deposition and Requests for Production of Documents. See ¶ 4 of Sevey Declaration and Exhibit "B" thereto.

4. On March 28, 2008, Petitioners/Defendants filed their Answer in the Superior Court of California for the County of Santa Clara. See ¶ 5 of Sevey Declaration and Exhibit "C" thereto.

5. Notice of this removal is being given to both the adverse party and the state court pursuant to 28 U.S.C. Section 1446(d). See ¶ 6 of Sevey Declaration and Exhibits "D" and "E" attached thereto. Exhibits "A" – "E" constitute all process, pleadings and orders served on or by Petitioners/Defendants in this action.

6. The Complaint, and each alleged cause of action contained therein, may be properly removed on the basis of diversity of citizenship jurisdiction, in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

(a) Petitioners/Defendants are informed and believe, and on that basis allege, that Plaintiff is now, and was at the time this action was commenced, a citizen of the State of California within the meaning of 28 U.S.C. Section 1332(a), because his place of residence and domicile is and was within the State of California. See Complaint ¶ 1 (alleging that Plaintiff is currently and at all times mentioned herein was, a resident of the State of California).

(b) Petitioner/Defendant Belmont Village, L.P. is now, and was at the time this action was commenced, a citizen of the State of Texas and the State of Delaware within the meaning of 28 U.S.C. Section 1332(c)(1), because it is now and was at all material times formed under the laws of the State of Delaware, it maintains, and at all material times maintained, its principal place of business in the State of Texas, and its General and Limited Partners are and were at all material times formed under the laws of the State of Delaware and maintain, and at all material times maintained, their principal place of business in the State of Texas. See ¶ 5 of the Declaration of Ann Schumacher ("Schumacher Declaration").

(c) Petitioner/Defendant Belmont Village Sunnyvale, Inc., although a citizen of the State of California, is a sham defendant because, as set forth below, it cannot be held liable for any of the causes of action asserted against it in Plaintiff's Complaint. Accordingly, its presence does not destroy diversity. Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) (joinder of non-diverse defendant is fraudulent, and does not destroy diversity, where "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state"); McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987) (former employee failed to state a cause of action under California law against his individual supervisors; thus their joinder as defendants did not destroy diversity); Scopas v. Armstrong World Indus., 114 L.R.R.M. (BNA) 2933, 2934-35 (C.D. Cal. 1983), aff'd, 770 F.2d 171 (9th Cir. 1985) (discharged employee's joinder of former supervisor as a non-diverse party was fraudulent; plaintiff could state no valid cause of action against him).

(d) Plaintiff asserts 6 purported causes of action against Belmont Village Sunnyvale, Inc.: (1) "For Willful Violations of California Labor Code §§ 510 and 204 – Failure to Pay All Wages and Overtime Under California Law," (2) "For Willful Violations of California Labor Code §§ 201, 202, and 203 – Failure to Pay Wages Upon Discharge or Quitting; Waiting Time Penalties," (3) "For Willful Violations of California Labor Code § 226.7 – Failure to Afford Mandatory Breaks or Meal Periods as Required by IWC Orders and Labor Code," (4) "For Willful Violations of Labor Code §226 – Failure to Maintain Pay Records; Failure to Make Pay Records Available Upon Request," (5) "For Violations of California Business and Professions Code Sections 17200, *et seq.* Based Upon Defendants' Unfair Business Acts and Practices," and (6) For Declaratory Relief.

(e) The purported causes of action under the California Labor Code, including Sections 201-204, 226, 226.7, and 510, may only be brought against Plaintiff's employer, not non-employer entities. See California Labor Code §§ 201-204, 226, 226.7, 510 (setting forth obligations *employers* must follow).

(f) The purported cause of action for Unfair Business Acts pursuant to California Business & Professions Code § 17200 fails against as a matter of law because it is based entirely on alleged violations of California Labor Code Sections 201-204, 226, 226.7, and 510, which, as set forth above, can only be committed by the employer. Id.

(g) "If the Plaintiff fails to state a cause of action against a resident defendant . . . the joinder of the resident defendant is fraudulent." McCabe, 811 F.2d at 1339 (citation omitted). Accordingly, for purposes of removal, the citizenship of Belmont Village Sunnyvale, Inc. should be disregarded.

(h) Although Petitioner/Defendant BelmontCorp is not a citizen of the State of California, like Belmont Village Sunnyvale, Inc., it is not Plaintiff's employer. Thus, its citizenship should also be disregarded. See ¶ 3 of Schumacher Declaration.

(i) The presence of Doe defendants in this case has no bearing on diversity with respect to removal. See 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.").

(j) Plaintiff's Complaint seeks an unspecified amount of general damages, special damages, penalties, costs, and attorneys' fees in connection with the causes of action set forth in his Complaint. See ¶ 2 of Sevey Declaration and Exhibit "A" thereto. Plaintiff's failure to specify in his Complaint the amount of damages he seeks, however, does not deprive this Court of jurisdiction. See White v. J.C. Penney Life Ins. Co., 861 F. Supp. 25, 26 (S.D. W.Va. 1994) (defendant may remove a suit to federal court notwithstanding the failure of plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any plaintiff could avoid removal simply by declining . . . to place a specific dollar value upon its claim."). Based on the nature of the allegations and the damages sought, Plaintiff has placed in controversy an amount exceeding $75,000, exclusive of costs and interests. See ¶ 2 of Sevey Declaration and Exhibit "A" thereto. In determining whether a complaint meets the $75,000 threshold of 28 U.S.C. Section 1332(a), a court may consider the aggregate value of claims for compensatory and punitive damages, as well as attorneys' fees. See, e.g., Bell v. Preferred Life Ass. Soc'y, 320 U.S. 238, 240, 64 S. Ct. 5 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount.") (footnote omitted); Goldberg v. CPC Int'l, Inc., 678 F.2d 1365, 1367 (9th Cir.) cert. denied, 459 U.S. 945 (1982) (attorneys' fees may be taken into account to determine jurisdictional amount).

(k) Further, Petitioners/Defendants believe the amount in controversy exceeds $75,000 based on the following facts: (1) Plaintiff alleges that he is entitled to receive overtime wages; (2) Plaintiff's regular rate of pay was $26.44 (Plaintiff's annual base salary of $55,000 divided by 2,080 hours per year), and thus his overtime rate, equal to 1.5 times his regular rate of pay, was $39.66; (3) assuming Plaintiff alleges he worked as little as 10 hours of overtime per week, this would mean that Plaintiff seeks at least $20,623.20 per year in overtime wages (calculated as $39.66 times 10 hours per week times 52 weeks per year); (4) as a result of Plaintiff's claim under California Business & Professions Code § 17200, which, pursuant to California Business & Professions Code § 17208, is governed by a four-year statute of limitation, the total overtime sought conservatively equals or exceeds $82,492.80 ($20,623.20 per year multiplied by four years); and (5) this figure does not include amounts Plaintiff will seek to recover for penalties and attorneys' fees, which further increase the amount in controversy.

7. Because Plaintiff and Petitioner/Defendant Belmont Village, L.P. are citizens of different states, and because the Court may disregard the citizenship of non-employers Belmont Village Sunnyvale, Inc., BelmontCorp, and the Doe defendants, there is complete diversity between the parties. Further, because there is complete diversity and because the amount in controversy threshold is met, the requirements for removal under 28 U.S.C. Sections 1332(a) and 1441(a) are satisfied.

WHEREFORE, Petitioners/Defendants remove the above-entitled action now pending in the Superior Court of the State of California for the County of Santa Clara to this Court.

| | |
|---|---|
| 1 | |
| 2  DATED: March 28, 2008 | PAUL, HASTINGS, JANOFSKY & WALKER LLP<br>ELENA R. BACA<br>SHANNON S. SEVEY |
| 3 | |
| 4 | |
| 5 | By: *[signature]*<br>SHANNON S. SEVEY |
| 6 | Attorneys for Defendants |
| 7 | BELMONT VILLAGE SUNNYVALE, INC.,<br>BELMONTCORP, AND BELMONT VILLAGE L.P. |

Case No.    -8-    NOTICE OF REMOVAL