1  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   ELENA R. BACA (SB# 160564)
2  elenabaca@paulhastings.com
   515 South Flower Street
3  Twenty-Fifth Floor
   Los Angeles, CA 90071-2228
4  Telephone: (213) 683-6000
   Facsimile: (213) 627-0705
5
   SHANNON S. SEVEY (SB# 229319)
6  shannonsevey@paulhastings.com
   1117 S. California Avenue
7  Palo Alto, CA 94304-1106
   Telephone: (650) 320-1800
8  Facsimile: (650) 320-1900
9  Attorneys for Defendants
   BELMONT VILLAGE SUNNYVALE, INC.,
10 BELMONTCORP, AND BELMONT VILLAGE L.P.

11              UNITED STATES DISTRICT COURT

12            NORTHERN DISTRICT OF CALIFORNIA

13                  OAKLAND DIVISION

14                  CV  08        1711

15 SALVADORE TEMORES,                Case No.                          RMW
16            Plaintiff,
                                     [Santa Clara County Superior Court Case No.
17    vs.                            108CV106332]

18 BELMONT VILLAGE SUNNYVALE,        DECLARATION OF SHANNON S. SEVEY
   INC., a California Corporation;   IN SUPPORT OF DEFENDANTS' NOTICE
19 BELMONTCORP, a Maryland           OF REMOVAL
   Corporation; BELMONT VILLAGE,
20 and DOES 1-25, inclusive,
21            Defendants.
22
23
24
25
26
27
28
   ─────────────────────────────────────
                              DECLARATION OF SHANNON S. SEVEY
                              ISO REMOVAL TO FEDERAL COURT
   Case No.
   LEGAL_US_W # 58543651.1

ORIGINAL FILED
MAR 28 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

I, Shannon S. Sevey, declare and state as follows:

1.    I am an attorney licensed by the Bar of the State of California, and I am admitted to practice before this Court. I am an associate with the law firm of Paul, Hastings, Janofsky & Walker, counsel of record for Defendants Belmont Village Sunnyvale, Inc., BelmontCorp, and Belmont Village, L.P. ("Defendants"), and I am one of the attorneys responsible for the defense of this action. Except where otherwise noted, I have personal knowledge of the facts set forth in this Declaration, and if called to testify under oath, could and would testify competently thereto.

2.    On February 21, 2008, plaintiff Salvadore Temores ("Plaintiff") filed his Complaint entitled: *"Salvadore Temores v. Belmont Village Sunnyvale, Inc., a California Corporation; BelmontCorp, a Maryland Corporation; Belmont Village and DOES 1-25, inclusive."* True and correct copies of the Summons and Complaint are attached as Exhibit "A."

3.    On February 27, 2008, Plaintiff served Defendant Belmont Village Sunnyvale, Inc. with a copy of his Summons, Complaint, and Civil Case Information Sheet. Plaintiff filed a Proof of Service of Summons with the state court on February 28, 2008. See Exhibit "A."

4.    On March 10, 2008, Defendant BelmontCorp served Plaintiff with a Notice of Deposition and Requests for Production of Documents, true and correct copies of which are attached as Exhibit "B."

5.    On March 28, 2008, Defendants filed their Answer in the Superior Court of California for the County of Santa Clara. A true and correct copy of the Answer is attached as Exhibit "C."

6.    Notice of this removal is being given to the adverse party and to the state court pursuant to 28 U.S.C. § 1446(d). A true and correct copy of Defendants' Notice to State Court Clerk of Filing of Notice of Removal of Action to Federal Court is attached as Exhibit "D." A true and correct copy of Defendants' Notice to Adverse Party of Filing of Notice of Removal of Action to Federal Court is attached as Exhibit "E." Proof of service of the present Notice to State Court Clerk of Filing of Notice of Removal of Action to Federal Court and the Notice to Adverse

DECLARATION OF SHANNON S. SEVEY
ISO REMOVAL TO FEDERAL COURT

Case No.
LEGAL_US_W # 58543651.1

1    Party of Filing of Notice of Removal of Action to Federal Court will be filed with this Court

2    shortly after the Superior Court filing and service upon the adverse parties are accomplished.

3            I declare under penalty of perjury under the laws of the State of California and the

4    United States of America that the foregoing is true and correct.

5            Executed on March 28, 2008, in Palo Alto, California.

6

7    SHANNON S. SEVEY

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.  
LEGAL_US_W # 58543651.1

-3-

DECLARATION OF SHANNON S. SEVEY
ISO REMOVAL TO FEDERAL COURT

116M625826   2/27/2008 12:20:10 PM

2/27/08 → 3:15P

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO)* :
BELMONT VILLAGE SUNNYVALE, INC., a California Corporation;
BELMONTCORP, a Maryland Corporation, BELMONT VILLAGE and DOES 1-25,
inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE)* :
Salvadore Temores

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ENDORSED**

2008 FEB 21 A 9 14

[stamp] CLERK OF THE SUPERIOR COURT
COUNTY OF SANTA CLARA CALIFORNIA
BY ____ A. Ilas
DEPUTY

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Santa Clara County Superior Court | CASE NUMBER:<br>*(Número del Caso):*<br>**108CV106332** |

191 North First Street              San Jose, CA 95113
The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
ASHWIN V. LADVA, ESQ.                LADVA LAW FIRM
530 Jackson Street, 2nd Floor        San Francisco, CA  94133
(415) 296-

| DATE: FEB 21 2008 | Clerk, by | , Deputy |
|---|---|---|
| *(Fecha)* | *(Secretario)* Ilas | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)* :

3. ☑ on behalf of *(specify)*: Belmont Village Sunnyvale Inc., a California corporation
   under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)* :

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]
Martin Dean's Essential Forms ™

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

Temores v. Belmont Village et al.

002/002   12/08/2013 15:10 FAX

**CM-010**

| | | |
|---|---|---|

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
ASHWIN V. LADVA [State Bar # 206140]
Ladva Law Firm
530 Jackson Street, 2nd Floor
San Francisco, CA 94133
TELEPHONE NO.: (415) 296-8844    FAX NO.: (415) 296-8847
ATTORNEY FOR *(Name):* Plaintiff; Salvadore Temores

**FOR COURT USE ONLY**

**ENDORSED**

2008 FEB 21  A 9 14

KIRI TORRE, CLERK OF THE SUPERIOR COURT
COUNTY OF SANTA CLARA, CALIFORNIA
BY A. HAS
DEPUTY CLERK

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Santa Clara
STREET ADDRESS: 191 North First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME:

**CASE NAME:** Temores vs. Belmont Village, et al.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | **CASE NUMBER** |
|---|---|---|
| [X] Unlimited  [ ] Limited | [ ] Counter  [ ] Joinder | 108CV106332 |
| (Amount demanded exceeds $25,000) | (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:  DEPT.: |

*Items 1-6 below must be completed (see instructions on page 2).*

**1.** Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

**2.** This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
**3.** Remedies sought *(check all that apply):* a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
**4.** Number of causes of action *(specify):* fail to pay overtime,pay wages upon discharge,allow breaks,see pay recs
**5.** This case [ ] is  [X] is not  a class action suit.
**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 2/19/2008

ASHWIN V. LADVA
*(TYPE OR PRINT NAME)*

▶ *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]



**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

Temores v. Belmont Village et al

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

Temores v. Belmont Village et al

12/08/2013 15:08 FAX

@003/003

Ashwin Ladva, Esq. (206140)
Jason Lundberg, Esq. (248913)
Ladva Law Firm
530 Jackson Street, 2nd Floor
San Francisco, CA 94133
Phone: (415) 296 8844
Fax:   (415) 296 8847

Attorneys for Plaintiff,
Salvadore Temores

ENDORSED

2008 FEB 21   A 9 14

[stamp] CHIEF EXEC OFFICER/CLERK
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SANTA CLARA
BY _____
A. Ilas

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

FOR THE COUNTY OF SANTA CLARA

SALVADORE TEMORES

                    Plaintiff,

        vs.

BELMONT VILLAGE SUNNYVALE, INC.,
a California Corporation; BELMONTCORP, a
Maryland Corporation, BELMONT VILLAGE
and DOES 1-25, inclusive,

                    Defendants

Case No. **108CV106332**

**COMPLAINT FOR DAMAGES**

Willful Violations of California Labor Code
Sections 510 and 204; 201, 202 and 203; 226.7
and IWC Orders; 226; Violations of Bus. And
Prof. Code Sections 17200, et. seq.; and for
Declaratory Relief.

        Plaintiff SALVADORE TEMORES, for his complaint against defendants

BELMONT VILLAGE SUNNYVALE, INC., BELMONTCORP, BELMONT VILLAGE and

DOES 1-25, inclusive, alleges upon information and belief, except as to the allegations that

pertain to Plaintiffs and his counsel, as follows:

## JURISDICTION AND VENUE

1.    Plaintiff SALVADORE TEMORES is an individual who, at all relevant time

periods, resided in California, was a citizen of the State of California, was offered employment

by BELMONT VILLAGE SUNNYVALE, INC. and/or BELMONT VILLAGE (hereinafter

1

Complaint For Damages

referred to as "BV" or "CORPORATE DEFENDANTS"), at its Sunnyvale, California facility.

Plaintiff TEMORES was employed by BV in the position of Community Relations / Inside Sales.

2.      Defendant BELMONT VILLAGE SUNNYVALE, INC is and was, at all times relevant to this complaint, a California corporation, in the senior home and assisted living business in the State of California, City of Sunnyvale.  Defendant BELMONT VILLAGE SUNNYVALE, INC had, at all times relevant hereto, its headquarters and principal place of business in the State of California.  Defendant BELMONT VILLAGE SUNNYVALE, INC is referred to herein as "BELMONT VILLAGE" or "CORPORATE DEFENDANT.

3.      Defendant BELMONTCORP is and was, at all times relevant to this complaint, a Maryland corporation, in the senior home and assisted living business in the State of California, as well as other locations throughout the United States.  Defendant BELMONTCORP had, at all times relevant hereto, its headquarters and principal place of business in the State of Maryland Defendant BELMONTCORP is referred to herein as "BV" or "CORPORATE DEFENDANT."

4.      Defendant BELMONT VILLAGE is and was, at all times relevant to this complaint, a Maryland corporation, in the senior home and assisted living business in the State of California, as well as other locations throughout the United States.  Defendant BELMONT VILLAGE had, at all times relevant hereto, its headquarters and principal place of business in the State of Maryland Defendant BELMONT VILLAGE is referred to herein as "BV" or "CORPORATE DEFENDANT."

5.      Plaintiff lacks sufficient information and belief to allege the true names and capacities of defendants sued herein as DOES 1 through 25, inclusive.  For that reason, Plaintiff sues said fictitiously named defendants by such fictitious names.  When the true names, nature and capacity of said fictitiously named defendants are ascertained, Plaintiff shall amend this Complaint accordingly.  At all times herein mentioned, all defendants herein, whether named or unnamed were and are responsible and liable to Plaintiff for all of the Plaintiff's damages and other relief prayed for herein.  Plaintiff alleges on information and belief that at all times herein

2

Complaint For Damages

mentioned, each of the defendants herein, whether named or unnamed, was the agent, servant employee, co-conspirator, co-adventurer, and employee of each other defendant herein, whether named or unnamed. With respect to each action and inaction pled in the following paragraphs, each of the defendants, whether named or unnamed, was acting within the course and scope of their agency and employment and was acting with the full knowledge, consent, ratification and approval of each other defendant herein, whether named or unnamed.

6.      This Court has personal jurisdiction over the named corporate Defendant, which: (1) conducts business in the State of California through its branches and service centers in California; (2) hires and maintains employees in the State of California; and (3) avails itself of the protection of the laws of the State of California.

7.      Venue is proper in this Court because Defendants committed the acts complained of herein in Santa Clara County.

## *FACTUAL ALLEGATIONS*

8.      This action is brought by Plaintiff because he was denied regular and overtime wages, and meal and rest periods, in violation of the Labor Code and Industrial Wage Commission ("IWC") Orders. This action is also brought for CORPORATE DEFENDANTS' failure to maintain employees' payroll records, and make those records available to employees for inspection upon request, in violation of California law.

9. CORPORATE DEFENDANTS failed to provide Plaintiff with regular and overtime wages. Defendants' policies and practices toward its employees and Plaintiff violate California Labor Code §§ 510 and 204, which provide, in relevant part:

> Sec. 510(a). Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition,

Complaint For Damages

1   any work in excess of eight hours on any seventh day of a workweek shall
2   be compensated at the rate of no less than twice the regular rate of pay of
    an employee.
3
    Sec. 204.  All wages, other than those mentioned in Section 201, 202,
4   204.1, or 204.2, earned by any person in any employment are due and
5   payable twice during each calendar month, on days designated in advance
    by the employer as the regular paydays.
6
7       10. CORPORATE DEFENDANTS failed to provide Plaintiff with meal and rest periods.

8   Defendants' policies and practices towards its employees violate California Labor Code § 226.7,

9   which provides:

10      (a)     No employer shall require any employee to work during any meal
11              or rest period mandated by an applicable order of the Industrial
                Welfare Commission.
12
13      (b)     If an employer fails to provide an employee a meal period or rest
                period in accordance with an applicable order of the Industrial
14              Welfare Commission, the employer shall pay the employee one
                additional hour of pay at the employee's regular rate of
15              compensation for each work day that the meal or rest period is not
16              provided.

17      11. CORPORATE DEFENDANTS failed to maintain accurate payroll records, and fail to

18  provide Plaintiff with those records for inspection upon request.  Defendants' policies and

19  practices towards its employees violate California Labor Code § 226, which provides, in relevant

20  part:

21      (a) Every employer shall, semimonthly or at the time of each payment of
22      wages, furnish each of his or her employees, either as a detachable part of
        the check, draft, or voucher paying the employee's wages, or separately
23      when wages are paid by personal check or cash, an accurate itemized
        statement in writing showing (1) gross wages earned, (2) total hours
24      worked by the employee, except for any employee whose compensation is
25      solely based on a salary and who is exempt from payment of overtime
        under subdivision (a) of Section 515 or any applicable order of the
26      Industrial Welfare Commission, (3) the number of piece-rate units earned
        and any applicable piece rate if the employee is paid on a piece-rate basis,
27      (4) all deductions, provided that all deductions made on written orders of
        the employee may be aggregated and shown as one item, (5) net wages
28      earned, (6) the inclusive dates of the period for which the employee is

4

Complaint For Damages

paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

(b) An employer that is required by this code or any regulation adopted pursuant to this code to keep the information required by subdivision (a) shall afford current and former employees the right to inspect or copy the records pertaining to that current or former employee, upon reasonable request to the employer. The employer may take reasonable steps to assure the identity of a current or former employee. If the employer provides copies of the records, the actual cost of reproduction may be charged to the current or former employee.

(c) An employer who receives a written or oral request to inspect or copy records pursuant to subdivision (b) pertaining to a current or former employee shall comply with the request as soon as practicable, but no later than 21 calendar days from the date of the request. A violation of this subdivision is an infraction.

12. Defendants routinely required employees to work more than five (5) hours at a time without a break. Plaintiff was routinely not permitted to take a one-hour meal period or even a 30-minute meal period, as required by law. Defendants routinely scheduled employees to work consecutive hours (over five) during a given day without interruption.

13. Defendants routinely denied regular wages, and overtime wages to Plaintiff working more than eight (8) hours per day and more than forty (40) hours per week. In addition, Defendants routinely failed to timely pay Plaintiff his due wages.

14. Defendant's illegal policy of denying regular and overtime wages, failing to timely pay wages, and forcing employees to forego a meal and rest period also constitute a violation of California's Unfair Competition Law (Business and Professions Code §§17200, et seq.), in that Defendant's policies and practices constitute unlawful, unfair or fraudulent business acts or

5

Complaint For Damages

practices, including violations of California Labor Code provisions and California IWC Orders.

15. Plaintiff seeks injunctive relief prohibiting Defendants from engaging in the illegal labor acts described herein. Injunctive relief is required. Unless enjoined, Defendants' unlawful conduct will continue unchecked, while Plaintiff bears the financial brunt of Defendant's unlawful conduct.

16. Plaintiff also seeks restitution of costs incurred by Plaintiff under California's Unfair Competition Law.

### First Cause of Action

#### For Willful Violations of California Labor Code §§ 510 and 204 –
#### Failure to Pay All Wages and Overtime Under California Law

17. Plaintiff repeats and realleges the preceding and subsequent paragraphs as though set forth herein.

18. On January 1, 2000, Labor Code § 510(a) was enacted and provides:

Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

19. Labor Code § 1194(a) states:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

20. Labor Code § 204 states, in pertinent part:

6

Complaint For Damages

All wages, other than those mentioned in Section 201, 202, 204.1, or
204.2, earned by any person in any employment are due and payable twice
during each calendar month, on days designated in advance by the
employer as the regular paydays.

21. Under California law, CORPORATE DEFENDANTS are required to pay wages for
each hour worked, and overtime wages when non-exempt employees work over 8 hours in a day
or 40 hours in a week by calculating the hourly rate and then computing the overtime premium
amount owed.  Plaintiff has worked for Defendants without being paid for all hours worked,
regular and overtime.

22. As a result of CORPORATE DEFENDANTS' violation of statutory duties to comply
with statutory wage requirements, as more fully set forth above, Plaintiff was damaged in an
amount above the jurisdictional limits of this Court.

23. Plaintiff seeks as damages all wages owed to Plaintiff by CORPORATE
DEFENDANTS.

24. Plaintiff is entitled to, and therefore request, an award of pre-judgment interest on the
unpaid wages set forth herein.

25. Plaintiff has incurred, and will continue to incur attorneys' fees and costs in the
prosecution of this action.  Plaintiff seeks attorneys' fees under all applicable provisions of law.
Wherefore, Plaintiffs prays judgment as set forth herein below.

### Second Cause of Action

#### For Willful Violations of California Labor Code §§ 201, 202, and 203 –

#### Failure to Pay Wages Upon Discharge or Quitting; Waiting Time Penalties

26. Plaintiff repeats and realleges the preceding and subsequent paragraphs as though set
forth herein

27. California Labor Code §§ 201 and 202 require CORPORATE DEFENDANTS to pay
their employees all wages due immediately upon discharge or 72 hours after an employee quits.
California Labor Code § 203 provides that if an employer willfully fails to timely pay such

7

Complaint For Damages

wages the employer must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced. The penalty cannot exceed 30 days of wages. A worker need not prove malice or intentional conduct in establishing their claim for waiting time penalties, but merely establish the employer did not do something it was obligated to do. (See Mamika v. Barca (1998) 68 Cal. App. 4th 487; Barnhill v. Robert Saunders & Co. (1981) 125 Cal.App.3d 1.)

28. Plaintiff is entitled to unpaid compensation, but to date has not received such compensation. As a consequence of CORPORATE DEFENDANTS' willful conduct in not paying compensation for all hours worked, Plaintiff is entitled to 30 days wages as penalty under Labor Code § 203, together with interest thereon and attorneys' fees and costs. Wherefore, Plaintiff prays judgment as set forth herein below.

### Third Cause of Action

### For Willful Violations of California Labor Code § 226.7 – Failure to Afford Mandatory Breaks or Meal Periods as Required by IWC Orders and Labor Code

29. Plaintiff repeat and realleges the preceding and subsequent paragraphs as though set forth herein.

30. At all times relevant, Plaintiff was covered by the provisions of Industrial Wage Commission ("IWC") Orders, including IWC Orders 1-2001.

31. The IWC Orders provide, in applicable part:

11. (A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee. In the case of employees covered by a valid collective bargaining agreement, the parties to the collective bargaining agreement may agree to a meal period that commences after no more than six (6) hours of work.

11. (B) An employer may not employ an employee for a work period of

8

Complaint For Damages

more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

11. (C) Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

11. (D) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

12. (A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

12. (B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

32. California Labor Code § 226.7 states:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

33. CORPORATE DEFENDANTS routinely failed to provide Plaintiff with a 30-

9

Complaint For Damages

minute unpaid meal period within the first five (5) hours of work in compliance with IWC Orders and Labor Code § 226.7. Defendants routinely failed to provide Plaintiff with a second 30-minute meal period within the second five (5) hours of work in compliance with IWC Orders and Labor Code § 226.7. As a result of Defendants' failure, Plaintiff is entitled to recover an amount to be proved at trial, of not less than one additional hour of pay at the regular rate of compensation for each workday that the meal period was not provided, and any and all civil penalties provided by law.

34. CORPORATE DEFENDANTS routinely failed to provide Plaintiff with a 10-minute paid rest period for each four (4) hour period of work, in compliance with IWC Orders and Labor Code § 226.7. As a result of Defendants' failure, Plaintiff is entitled to recover an amount to be proved at trial, of not less than one additional hour of pay at the regular rate of compensation for each workday that the rest period was not provided, and any and all civil penalties provided by law.

35. CORPORATE DEFENDANTS' policy and practice of denying Plaintiff meal and rest periods constitutes a willful violation of California Labor Code § 226.7. Plaintiff has sustained damages as a direct and proximate consequence of the Defendants' willful and illegal conduct, to wit, he has been forced to work continuously throughout the day, every day, without being allowed to take meal and rest periods.

36. Plaintiff has incurred, and will continue to incur attorney fees and costs in the prosecution of this action. Plaintiff seeks attorneys' fees under all applicable provisions of law. Wherefore, Plaintiffs prays judgment as set forth herein below.

<u>Fourth Cause of Action</u>

<u>For Willful Violations of Labor Code § 226 –</u>

<u>Failure to Maintain Pay Records; Failure to Make Pay Records Available Upon Request</u>

37. Plaintiff repeats and realleges the preceding and subsequent paragraphs as

10

Complaint For Damages

though set forth herein.

38. CORPORATE DEFENDANTS knowingly and intentionally failed to maintain accurate pay records, and failed to allow current and former employees to inspect pay records upon request, in violation of California Labor Code § 226.

39. As a direct result of CORPORATE DEFENDANTS' failure, Plaintiff was injured and are entitled to recover an amount to be proved at trial, of not less than $750 for each violation.

40. Plaintiff is entitled to statutory penalties and attorneys' fees pursuant to Labor Code § 226 and California Code of Civil Procedure § 1021.5. Wherefore, Plaintiff prays judgment as set forth herein below.

## Fifth Cause of Action

### For Violations of California Business and Professions Code Sections 17200, et seq.
### *Based Upon Defendants' Unfair Business Acts and Practices*

41.    Plaintiff repeats and realleges the preceding and subsequent paragraphs as though set forth herein.

42.    Plaintiff further brings this action pursuant to the Business and Professions Code Sections 17200, et seq., seeking restitution for monies owed for regular and overtime wages, denial of meal and rest periods, and injunctive relief to enjoin CORPORATE DEFENDANTS' illegal practices.

43.    The Unfair Competition Law prohibits all unfair competition, which is defined as "any unlawful, unfair or fraudulent business act or practice." Plaintiff has standing to bring this claim because he is a direct victim of CORPORATE DEFENDANTS' illegal and unfair business practices, which Defendants engaged in for their sole financial benefit.

44.    Defendants, and each of them, are "persons" as defined under Business

11

Complaint For Damages

and Professions Code § 17201. Each of the directors, officers, and/or agents of Defendants, and each of them, are equally responsible for the acts of the other directors, officers, employees and/or agents as set forth in the Business and Professions Code § 17095.

45.    Plaintiff brings this action in the interest of other employees of Defendants, and each of them, and in the interest of the public pursuant to § 17203 of the California Business and Professions Code. Plaintiff brings this cause of action seeking restitution for CORPORATE DEFENDANTS' failure to pay employees regular and overtime wages, and failure to provide meal and rest periods, as well as an injunction prohibiting Defendants from denying employees regular and overtime wages and meal and rest periods, now and in the future.

46.    Plaintiff brings this action to pursue claims during a 4-year statute of limitations under § 17208 of the California Business and Professions Code.

47.    The following practices of Defendants, and each of them, are unlawful and unfair business practices under California Business and Professions Code §§ 17200 et seq.:

(a)    failure to pay all regular and overtime wages, in violation of the California Labor Code and all other applicable laws;

(b)    failure to provide rest breaks and meal periods pursuant to the California Labor Code and IWC wage orders;

(c)    failure to maintain accurate pay records, and make those records available for inspection upon request by employees;

(d)    unjust enrichment due to the failure to pay wages, including overtime wages.

48.    At all times material to this action, CORPORATE DEFENDANTS' conduct described above is an unfair, unlawful, and/or fraudulent business practice in violation of California Business & Professions Code §§ 17200 et seq.

49.     As alleged hereinabove, CORPORATE DEFENDANTS have inequitably and unlawfully conspired, agreed, arranged and combined to violate California labor laws, as alleged herein.

50.     As set forth below, Plaintiff is informed and believe and thereupon allege, that by failing to pay wages to all employees at Defendants' business, Defendants have engaged in business within the State of California in a manner that injured competitors, lead to misrepresentations to the public about the manner in which Defendants engaged in business, and/or destroyed competition in violation of Business and Professions Code § 17043. Upon information and belief, Plaintiff alleges that Defendants engaged in the acts and omissions heretofore alleged for the purpose of profiting from lower labor costs, and obtaining an unlawful or unfair advantage, all in a scheme to engage in unfair competition, at the expense of their employees and to the detriment of public policy for the lawful employment of employees.

51.     Pursuant to Business and Professions Code §§ 17071 and 17075, the failure of Defendants, and each of them, to pay all wages, including overtime wages, is admissible as evidence of Defendants' intent to violate the California Unfair Practices Act.

52.     As a direct and proximate result of the unfair, unlawful, and/or fraudulent business practices alleged herein, Plaintiff has been denied due wages, both regular and overtime, as well as meal and rest periods, all to their detriment and all to CORPORATE DEFENDANTS' illegal economic advantage.

53.     Plaintiff is informed and believe and thereon allege that the Defendants, and each of them, by committing the above-described acts, have deceived the public by illegally depriving its employees regular and overtime wages, and meal and rest periods, thus injuring its employees.

54.     Business and Professions Code provides that the Court may restore to an aggrieved party any money or property acquired by means of unlawful and unfair business practices. Plaintiff seeks restitution of all unpaid wages owing to him and members of the general public, according to proof, that the Defendants have enjoyed as a

13

Complaint For Damages

result of the unfair business practices.

55.    Business and Professions Code § 17202 states: "Notwithstanding Section 3369 of the Civil Code, specific or preventive relief may be granted to enforce a penalty, forfeiture, or penal law in a case of unfair competition."

56.    In addition to restoration of all wages owed, Plaintiff seeks to enforce penalties in the interest of himself, in the interest of other employees of Defendants, and each of them, and in the interest of the general public pursuant to § 17202:

     (a)    waiting time penalties (Labor Code § 203);

     (b)    extra hour of pay for not authorizing or permitting breaks and meal periods (Labor Code § 226.7);

     (c)    failure to maintain and make available for inspection accurate pay records (Labor Code § 226)

57.    There is a financial burden incurred in pursuing this action which would be unjust to place on Plaintiff, because the burden of enforcing workforce-wide rights is disproportionate to that of enforcing only individual claims. It would be against the interests of justice to force payment of attorneys' fees from Plaintiff's recovery in this action. Therefore, attorneys' fees are appropriate and sought pursuant to all applicable laws, including but not limited to California Code of Civil Procedure § 1021.5.

58.    Unless equitable relief is granted, Plaintiff and others similarly situated will continue to be subjected to Defendants' illegal conduct. Pursuant to Business and Professions Code §§ 17203, plaintiffs seeks a permanent injunction enjoining Defendants' continuing violations of California's Unfair Competition Law on the grounds that such acts described herein violate § 17200 of the Business and Professions Code and California's public policy. Wherefore, Plaintiff prays judgment as set forth herein below.

14

Complaint For Damages

1148425669... 2/27/2008 12:32:36 PM

## For Declaratory Relief

59.     Plaintiff repeats and realleges the preceding and subsequent paragraphs as though set forth herein.

60.     Plaintiff seeks a Declaration by this Court that Defendants' concerted violations alleged herein constitute unfair business practices, in violation of the Unfair Competition Act.

61.     Plaintiff also seeks a Declaration by this Court that Defendants' policy and practice of denying regular and overtime wages and meal and rest periods constitute a violation of California law, as alleged herein.  In addition, Plaintiff seeks a Declaration by this Court that Defendants' policy and practice of failing to maintain accurate pay records, and failing to provide employees with those records for inspection upon request constitutes a violation of California law, as alleged herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

a.) For damages for unpaid wages, including regular and overtime wages, and such general and special damages as may be appropriate, according to proof at trial;

b.) For 30 days waiting time penalties under Labor Code § 203;

c.) For statutory penalties under Labor Code § 210 and 558(a)(3);

d.) For penalties under Labor Code § 226(f);

e.) For damages calculated at one extra hour for each day no rest period was provided and at one extra hour for each day no meal period was provided (Labor Code § 226.7);

f.) Declaring that the concerted violations alleged herein constitute unfair competition in violation of California's Unfair Competition Law, and violations of California's Labor Code;

Complaint For Damages

☑ 016/017                                                                              XAF E5:51 ET02/80/21

g.) Permanently enjoining Defendants from continuing to engage in the unlawful concerted conduct described herein;

h.) Equitable remedies, including but not limited to, an equitable accounting, as the court deems just and proper under the circumstances;

i.) Granting Plaintiff the costs of prosecuting this action, together with interest and reasonable attorneys' and experts' fees; and

j.) Granting such other relief as this Court may deem just and proper under the circumstances.

## JURY DEMAND

To the full extent available, Plaintiffs demands a trial by jury.

Dated:    February 18, 2008                      Ladva Law Firm

By: _____
Ashwin Ladva, Esq.
Attorneys for Plaintiff, Salvadore Temores

16

Complaint For Damages

One Legal Order Receipt

https://cweb2.onelegal.net/Receipt.aspx?confirmationNumber=6657...



## One Legal FAX COVER PAGE for: Civil Case Cover Sheet (1 of 3 docs)

### Order No.: 6657707

**DEADLINE: Your document must be completely received by 1:30 p.m. in order to guarantee a same-day attempt to serve. Please allow time for fax transmission.**

** Please do not use your own fax cover page for your order document(s). **

**TO SUBMIT YOUR DOCUMENT(S),** follow these instructions:

- When sending **multiple documents**
  - There is a different Fax Cover Page for EACH document.
  - Each page displays the name of its corresponding document. Please place the appropriate Fax Cover Page directly before its corresponding document before faxing.
  - Please DO NOT put multiple Fax Cover Pages together and all documents below.
- When sending a **single document in multiple parts**
  - Use the SAME Fax Cover Page as the cover page for each part of the corresponding document that is faxed.
- When sending document by **mail/courier**
  - Please include a copy of the Fax Cover Page when sending your documents to us by mail or courier.

**Send this document to:**
One Legal SOP Southern, 350 South Figueroa St.  Suite 385, Los Angeles, CA  90071
Branch Phone: 213-617-1212   **Fax: 213-617-4717**

| Customer Name: | LAW OFFICE OF ASHWIN LADV... | Customer No.: | 0013787 |
|---|---|---|---|
| Contact: | Ashwin Ladva | Contact Tel. No.: | (415) 296-8844 |
| Order Date: | 02/27/2008 | Client Billing Code: | none |
| Plaintiff: | Salvadore Temores | Defendant: | Belmont Village, et al. |
| Document Title: | Civil Case Cover Sheet | Document #: | 01 |
| Order Type: | Serve & File | No. of Pages: | 2 |
| Special Instructions: | | | |
| SOP Service Level: | Standard | Last Day to Serve: | 03/27/2008 |

On Demand: | No |

2/27/2008 12:08 PM

One Legal Order Receipt                                            https://cweb2.onelegal.net/Receipt.aspx?confirmationNumber=6657...



## One Legal FAX COVER PAGE for: Summons (2 of 3 docs)

### Order No.: 6657707

**DEADLINE:** *Your document must be completely received by 1:30 p.m. in order to guarantee a same-day attempt to serve. Please allow time for fax transmission.*

** Please do not use your own fax cover page for your order document(s). **

**TO SUBMIT YOUR DOCUMENT(S)**, follow these instructions:

- When sending **multiple documents**
  - There is a different Fax Cover Page for EACH document.
  - Each page displays the name of its corresponding document. Please place the appropriate Fax Cover Page directly before its corresponding document before faxing.
  - Please DO NOT put multiple Fax Cover Pages together and all documents below.
- When sending a **single document in multiple parts**
  - Use the SAME Fax Cover Page as the cover page for each part of the corresponding document that is faxed.
- When sending document by **mail/courier**
  - Please include a copy of the Fax Cover Page when sending your documents to us by mail or courier.

**Send this document to:**
One Legal SOP Southern, 350 South Figueroa St.  Suite 385, Los Angeles, CA  90071
Branch Phone: 213-617-1212  **Fax:** 213-617-4717

| Customer Name: | LAW OFFICE OF ASHWIN LADV... | Customer No.: | 0013787 |
|---|---|---|---|
| Contact: | Ashwin Ladva | Contact Tel. No.: | (415) 296-8844 |
| Order Date: | 02/27/2008 | Client Billing Code: | none |
| Plaintiff: | Salvadore Temores | Defendant: | Belmont Village, et al. |
| Document Title: | Summons | Document #: | 02 |
| Order Type: | Serve & File | No. of Pages: | 1 |
| Special Instructions: | | | |
| SOP Service Level: | Standard | Last Day to Serve: | 03/27/2008 |

On Demand: No

One Legal Order Receipt

https://cweb2.onelegal.net/Receipt.aspx?confirmationNumber=6657...



## One Legal FAX COVER PAGE for: Complaint  (3 of 3 docs)

### Order No.: 6657707

**DEADLINE:** *Your document must be completely received by 1:30 p.m. in order to guarantee a same-day attempt to serve. Please allow time for fax transmission.*

** Please do not use your own fax cover page for your order document(s). **

**TO SUBMIT YOUR DOCUMENT(S), follow these instructions:**

- When sending **multiple documents**
  - There is a different Fax Cover Page for EACH document.
  - Each page displays the name of its corresponding document. Please place the appropriate Fax Cover Page directly before its corresponding document before faxing.
  - Please DO NOT put multiple Fax Cover Pages together and all documents below.
- When sending a **single document in multiple parts**
  - Use the SAME Fax Cover Page as the cover page for each part of the corresponding document that is faxed.
- When sending document by **mail/courier**
  - Please include a copy of the Fax Cover Page when sending your documents to us by mail or courier.

**Send this document to:**
One Legal SOP Southern,  350 South Figueroa St.  Suite 385, Los Angeles, CA  90071
Branch Phone: 213-617-1212   **Fax:** 213-617-4717

| Customer Name: | LAW OFFICE OF ASHWIN LADV... | Customer No.: | 0013787 |
| --- | --- | --- | --- |
| Contact: | Ashwin Ladva | Contact Tel. No.: | (415) 296-8844 |
| Order Date: | 02/27/2008 | Client Billing Code: | none |
| Plaintiff: | Salvadore Temores | Defendant: | Belmont Village, et al. |
| Document Title: | Complaint | Document #: | 03 |
| Order Type: | Serve & File | No. of Pages: | 16 |
| Special Instructions: | | | |
| SOP Service Level: | Standard | Last Day to Serve: | 03/27/2008 |

On Demand:  No

2/27/2008 12:08 PM

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Ashwin Ladva, 206140<br>LAW OFFICE OF ASHWIN LADVA<br>530 Jackson Street 2nd Floor<br>San Francisco, CA 94133<br>TELEPHONE NO.: (415) 296-8844<br>ATTORNEY FOR (Name): Plaintiff | FEB 28 2008<br>CHIEF ... CLERK<br>SUPER... OF CA<br>COUNTY OF ... CLARA<br>BY<br>J. Cao-Nguyen |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF | |
|---|---|
| Superior Court of Santa Clara County<br>191 N. First Street<br>San Jose, CA 95113-1090 | |

| PLAINTIFF/PETITIONER: Temores | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Belmont Village, et al. | 108CV106332 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>none |
|---|---|

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.

2. I served copies of: Civil Case Cover Sheet, Summons, Complaint

 BY FAX

3. a. Party served: Belmont Village Sunnyvale, Inc., a California Corp.

   b. Person Served: CT Corporation - Margaret Wilson - Person authorized to accept service of process

4. Address where the party was served: 818 WEST SEVENTH STREET
   LOS ANGELES, CA 90017

5. I served the party
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) or (date): 2/27/2008    (2) at (time): 3:15 PM

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   c. on behalf of:

   Belmont Village Sunnyvale, Inc., a California Corp.

   under:    CCP 416.10 (corporation)

7. Person who served papers
   a. Name:    Jimmy Lizama
   b. Address:    One Legal - 194-Marin
                  504 Redwood Blvd #223
                  Novato, CA 94947
   c. Telephone number:    415-491-0606
   d. The fee for service was:  $ 14.95
   e. I am:
      (3) registered California process server.
         (i) Employee or independent contractor.
         (ii) Registration No.: 4553
         (iii) County LOS ANGELES

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date: 2/28/2008

Jimmy Lizama
(NAME OF PERSON WHO SERVED PAPERS)    (SIGNATURE)

Form Adopted for Mandatory Use<br>Judicial Council of California POS-010<br>[Rev. Jan 1, 2007]    PROOF OF SERVICE OF SUMMONS    Code of Civil Procedure, § 417.10

FF# 6657707

1   PAUL, HASTINGS, JANOFSKY & WALKER LLP
    ELENA R. BACA (SB# 160564)
2   515 South Flower Street
    Twenty-Fifth Floor
3   Los Angeles, CA  90071-2228
    Telephone:  (213) 683-6000
4   Facsimile:  (213) 627-0705

5
    PAUL, HASTINGS, JANOFSKY & WALKER LLP
6   SHANNON S. SEVEY (SB# 229319)
    1117 S. California Avenue
7   Palo Alto, CA 94304
    Telephone:  (650) 320-1800
8   Facsimile:  (650) 320-1900

9   Attorneys for Defendant
    BelmontCorp.

10
                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

11
                             COUNTY OF SANTA CLARA

12

13

14  SALVADORE TEMORES,                      CASE NO. 1-08-CV 106332

15            Plaintiff,
                                            **NOTICE OF DEPOSITION OF PLAINTIFF**
16       vs.                                **SALVADORE TEMORES**

17  BELMONT VILLAGE SUNNYVALE,
    INC., a California Corporation,
18  BELMONTCORP, a Maryland
    Corporation, BELMONT VILLAGE and
19  DOES 1-25, inclusive,

20            Defendants.

21

22

23

24

25

26

27

28

    LEGAL_US_W # 58317891.1            -1-        NOTICE OF DEPOSITION OF PLAINTIFF

1    TO PLAINTIFF SALVADORE TEMORES AND TO HIS ATTORNEY OF RECORD,

2    ASHWIN LADVA, ESQ. AND THE LADVA LAW FIRM:

3

4             PLEASE TAKE NOTICE that, pursuant to California Code of Civil Procedure

5    Section 2025.010, *et. seq.*, Defendant BelmontCorp will take the deposition of Plaintiff Salvadore

6    Temores on April 1, 2008, beginning at 9:30 a.m., at the law offices of Paul, Hastings, Janofsky

7    & Walker LLP, 1117 S. California Avenue, Palo Alto, CA 94304.  If the deposition is not

8    completed on April 1, 2008, it will continue from day to day thereafter, Saturdays, Sundays and

9    holidays excepted, until completed.

10

11            The deposition will be taken upon oral examination before a notary public or other

12    person authorized by law to administer oaths and will be recorded stenographically, by Live

13    Notes, a computer interactive, real time system and will be videotaped pursuant to Sections

14    2025.220(a)(5) and 2025.340 of the California Code of Civil Procedure.

15

16            PLEASE TAKE FURTHER NOTICE, pursuant to California Code of Civil

17    Procedure Section 2025.220(a)(4), that Plaintiff is instructed to bring with him to said deposition

18    the categories of documents described in Exhibit "A," attached hereto and incorporated herein by

19    this reference.  Alternatively, Plaintiff may comply with this requirement by delivering or mailing

20    the requested documents to Defendant at the address of its attorney, Elena Baca, Esq., Paul

21    Hastings, Janofsky & Walker LLP, 1117 S. California Avenue, Palo Alto, CA 94304, so long as

22    the documents arrive at that address no later than the aforesaid date and time.

23

24

25

26

27

28

1  DATED:  March 10, 2008

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PAUL, HASTINGS, JANOFSKY & WALKER LLP
ELENA R. BACA
SHANNON S. SEVEY


By: _Shannon Sevey_____
        SHANNON S. SEVEY

Attorneys for Defendant
BelmontCorp

# I.

## DEFINITIONS AND INSTRUCTIONS

### A. Definitions

1. As used herein, the words "DOCUMENT" or "DOCUMENTS" mean any kind of written, typewritten, printed, or recorded material whatsoever, including but not limited to, any notes, memoranda, charges, complaints, claims, affidavits, statements, papers, files, forms, data, tapes, cassettes, discs, magnetic cards, printouts, letters, reports, summaries, compilations, chronicles, publications, books, manuals, handbooks, certificates, minutes, agenda, communications, contracts, agreements, telegrams, teletypes, facsimile, records, correspondence, diaries, calendars, appointment books, logs, audio and/or video recordings and transcriptions of recordings, microfilm, microfiche, electronic records or representations of any kind, information stored on computer (including but not limited to electronic mail) or on any type of computer readable storage media and capable of being reproduced by printed representation of any form, whether or not ever printed out or displayed, photographs, pictures, diagrams, or any other writing, however produced or reproduced, and further including, without limitation, originals, all file copies, all other copies, no matter how prepared, and all drafts prepared in connection with such documents whether or not used, within the possession, custody, and/or control of Plaintiff, or his agents, attorneys, physicians, psychologists, psychiatrists, counselors, and/or any other persons who may act on her behalf, excepting only those documents that are privileged or otherwise protected from discovery, as to which the claim of privilege or protection is specifically stated by written notice to Defendant.

2. "DEFENDANTS" refers to Defendant BELMONT VILLAGE SUNNYVALE, INC., a California Corporation, BELMONTCORP, a Maryland Corporation, BELMONT VILLAGE and DOES 1-25, inclusive and/or to any past or present officers, directors, employees and/or

1    agents of said named entity and/or all divisions, subsidiaries, parent, affiliated, related or

2    predecessor companies, or any of them.

3

4        3. "TEMORES" or "PLAINTIFF" refers to Plaintiff Salvadore Temores and/or his

5    agents and/or representatives, past or present.

6

7        4. "COMPLAINT" refers to PLAINTIFF's Complaint on file herein.

8

9        5. "COMMUNICATE" and "COMMUNICATIONS" mean and include any meeting,

10    conference, face-to-face conversation, telephone conversation, or conference or communication

11    used by any media, as well as any written, taped, or recorded communication of any kind

12    whatsoever.

13

14    **B. Instructions**

15

16        1. Documents Withheld

17

18          If any document is withheld under a claim of privilege or other protection, so as to

19    aid the Court and the parties hereto to determine the validity of the claim of privilege or other

20    protection, please provide the following information with respect to any such document:

21

22        a. The identity of the person(s) who prepared the document, who signed it, and

23    over whose name it was sent or issued;

24

25        b. The identity of each person(s) to whom the document was directed;

26

27        c. The nature and substance of the document with sufficient particularity to

28    enable the Court and parties hereto to identify the document;

d.   The date of the document;

e.   The identity of each person(s) who has custody of, or control over, the document and each copy thereof;

f.   The identity of each person to whom copies of the document were furnished;

g.   The number of pages;

h.   The basis on which any privilege or other protection is claimed; and

i.   Whether any non-privileged or non-protected matter is included in the document.

2.   Partial Production

Whenever you object to a particular request, or portion thereof, you must produce all documents called for which are not subject to that objection.  Similarly, wherever a document is not produced in full, please state with particularity the reason or reasons it is not being produced in full, and describe, to the best of your knowledge, information and belief and with as much particularity as possible, those portions of the document that are not produced.

3.   Orderly Response

Whenever it is reasonably practicable, please produce documents in such manner as will facilitate their identification with the particular request or category of requests to which they are responsive.

4.  <u>Construction of "And" and "Or"</u>

As used herein, the words "and" and "or" shall be construed both conjunctively and disjunctively, and each shall include the other wherever such dual construction will serve to bring within the scope of this Request any documents that would otherwise not be brought within its scope.

5.  <u>Construction of the Singular and Plural Forms</u>

As used herein, the singular form shall include the plural and vice versa whenever such dual construction will serve to bring within the scope of this Request any documents that would otherwise not be brought within its scope.

# II.

# <u>DOCUMENTS REQUIRED TO BE PRODUCED</u>

1.    Any and all DOCUMENTS: (a) given to or received from the California Labor and Workforce Development Agency (the "LWDA"), including, but not limited to, the LWDA's Division of Labor Standards Enforcement; and/or (b) constituting, discussing, or otherwise pertaining in any way to correspondence or other written or oral COMMUNICATIONS between PLAINTIFF and the LWDA, that in either case, relate in any manner to any and all complaints filed with the LWDA against DEFENDANTS and/or to any and all matters encompassed by the COMPLAINT.

2.    Any and all DOCUMENTS: (a) given to or received from the United States Department of Labor (the "DOL"), including, but not limited to, the DOL's Wage and Hour Division; and/or (b) constituting, discussing, or otherwise pertaining in any way to correspondence or other written or oral COMMUNICATIONS between PLAINTIFF and the

1  DOL, that in either case, relate in any manner to any and all charges filed with the DOL against

2  DEFENDANTS and/or to any and all matters encompassed by the COMPLAINT

3

4       3.  Any and all DOCUMENTS (a) given to or received from the State of California

5  Employment Development Department or the California Unemployment Insurance Appeals

6  Board, or (b) constituting, discussing or otherwise pertaining in any way to correspondence or

7  other written or oral COMMUNICATIONS between PLAINTIFF and said department or board,

8  that, in either case, relate or pertain in any manner to any claim for unemployment benefits,

9  unemployment benefits received, or to any and all matters encompassed by the COMPLAINT

10  herein.

11

12       4.  Any and all DOCUMENTS:  (a) given to any other local, state or federal agency,

13  office, department, or official, other than those named in Paragraphs 1, 2, and 3 above; and/or (b)

14  constituting, discussing, or otherwise pertaining in any way to correspondence or other written or

15  oral COMMUNICATIONS between PLAINTIFF and any local, state or federal agency, office,

16  department, or official, other than those named in Paragraphs 1, 2, and 3 above, which in either

17  case, relate in any manner to any and all matters encompassed by the COMPLAINT and/or other

18  pleadings herein.

19

20       5.  Any and all DOCUMENTS that constitute, evidence, relate to or otherwise pertain to

21  any violation of the California Labor Code against PLAINTIFF by DEFENDANTS.

22

23       6.  Any and all DOCUMENTS that constitute, evidence, relate to or otherwise pertain to

24  any violation of any California Wage Order against PLAINTIFF by DEFENDANTS.

25

26       7.  Any and all DOCUMENTS that constitute, evidence, relate to or otherwise pertain to

27  any alleged failure by DEFENDANTS to pay wages and/or overtime to PLAINTIFF, as alleged

28  in YOUR cause of action for violation of California Labor Code sections 510 and 204.

1    8.  Any and all DOCUMENTS that constitute, evidence, relate to or otherwise pertain to

2    any alleged failure by DEFENDANTS to pay wages to PLAINTIFF upon discharge or quitting,

3    as alleged in YOUR cause of action for violation of California Labor Code sections 201, 202, and

4    203.

5

6    9.  Any and all DOCUMENTS that constitute, evidence, relate to or otherwise pertain to

7    any alleged failure by DEFENDANTS to afford mandatory breaks or meal periods, as alleged in

8    YOUR cause of action for violation of California Labor Code section 226.7.

9

10    10. Any and all DOCUMENTS that constitute, evidence, relate to or otherwise pertain to

11    any alleged failure by DEFENDANTS to maintain pay records, as alleged in YOUR cause of

12    action for violation of California Labor Code section 226.

13

14    11. Any and all DOCUMENTS that constitute, evidence, relate to or otherwise pertain to

15    any alleged failure by DEFENDANTS to make pay records available upon request, as alleged in

16    YOUR cause of action for violation of California Labor Code section 226.

17

18    12. Any and all DOCUMENTS that constitute, evidence, relate to or otherwise pertain to

19    any alleged unfair business act or practice by DEFENDANT, as alleged in YOUR cause of action

20    for violation of California Business & Professions Code section 17200 *et. seq.*

21

22    13. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

23    the allegations in Paragraphs 8, 9, and 10 of the COMPLAINT, specifically including, but not

24    limited to, DOCUMENTS supporting or relating to the allegations that: "Plaintiff…was denied

25    regular and overtime wages, and meal and rest periods in violation of the Labor Code and

26    Industrial Wage Commission ("IWC") Orders," "CORPORATE DEFENDANTS failed to

27    provide Plaintiff with regular and overtime wages," "CORPORATE DEFENDANTS failed to

28    provide Plaintiff with meal and rest periods," "Defendants' policies and practices toward its

1   employees and Plaintiff violate California Labor Code §§ 510 and 204," and "Defendants'

2   policies and practices toward its employees violate California Labor Code § 226.7."

3

4         14. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

5   the allegations in Paragraph 8 and 11 of the COMPLAINT, specifically including, but not limited

6   to, DOCUMENTS supporting or relating to the allegations that: "CORPORATE DEFENDANTS

7   fail[ed] to maintain employees' payroll records, and make those records available to employees

8   for inspection upon request, in violation of California law," "CORPORATE DEFENDANTS

9   failed to maintain accurate payroll records, and fail to provide Plaintiff with those records for

10  inspection upon request," and "Defendants' policies and practices toward its employees violate

11  California Labor Code § 226."

12

13        15. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

14  the allegations in Paragraph 12 of the COMPLAINT, specifically including, but not limited to,

15  DOCUMENTS supporting or relating to the allegations that: "Defendants routinely required

16  employees to work more than five (5) hours at a time without a break," "Plaintiff was routinely

17  not permitted to take a one-hour meal period or even a 30-minute meal period, as required by

18  law," and "Defendants routinely scheduled employees to work consecutive hours (over five)

19  during a given day without interruption."

20

21        16. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

22  the allegations in Paragraph 13 of the COMPLAINT, specifically including, but not limited to,

23  DOCUMENTS supporting or relating to the allegation that: "Defendants routinely denied regular

24  wages, and overtime wages to Plaintiff working more than eight (8) hours per day and more than

25  forty (40) hours per week.  In addition, Defendants routinely failed to timely pay Plaintiff his due

26  wages."

27

28

17. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support the allegations in Paragraph 14 of the COMPLAINT, specifically including, but not limited to, DOCUMENTS supporting or relating to the allegation that: "Defendants' illegal policy of denying regular and overtime wages, failing to timely pay wages, and forcing employees to forego a meal and rest period also constitute a violation of California's Unfair Competition Law (Business and Professions Code §§ 17200, et seq.), in that Defendant's (sic) policies and practices constitute unlawful, unfair, or fraudulent business acts or practices, including violations of California Labor Code provisions and California IWC Orders."

18. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support the allegations in Paragraph 21 of the COMPLAINT, specifically including, but not limited to, DOCUMENTS supporting or relating to the allegation that: "Plaintiff has worked for Defendants without being paid for all hours worked, regular and overtime."

19. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support the allegations in Paragraph 22 of the COMPLAINT, specifically including, but not limited to, DOCUMENTS supporting or relating to the allegation that: "As a result of CORPORATE DEFENDANTS' violation of statutory duties to comply with statutory wage requirements, [] Plaintiff was damaged in an amount above the jurisdictional limits of this Court."

20. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support the allegations in Paragraph 23 of the COMPLAINT, specifically including, but not limited to, DOCUMENTS supporting or relating to the allegation that: Plaintiff is owed wages by "CORPORATE DEFENDANTS."

21. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support the allegations in Paragraphs 25 and 36 of the COMPLAINT, specifically including, but not

1   limited to, DOCUMENTS supporting or relating to the allegation that: "Plaintiff has incurred, and

2   will continue to incur attorneys' fees and costs in the prosecution of this action."

3

4        22. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

5   the allegations in Paragraph 28 of the COMPLAINT, specifically including, but not limited to,

6   DOCUMENTS supporting or relating to the allegation that: "Plaintiff is entitled to unpaid

7   compensation, but to date has not received such compensation," and "As a result of

8   CORPORATE DEFENDANTS' willful conduct in not paying compensation for all hours

9   worked, Plaintiff is entitled to 30 days wages as penalty under Labor Code § 203, together with

10  interest thereon and attorneys' fees and costs."

11

12       23. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

13  the allegations in Paragraph 30 of the COMPLAINT, specifically including, but not limited to,

14  DOCUMENTS supporting or relating to the allegation that: "Plaintiff was covered by the

15  provisions of Industrial Wage Commission ("IWC") Orders, including IWC Orders 1-2001.

16

17       24. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

18  the allegations in Paragraph 33 of the COMPLAINT, specifically including, but not limited to,

19  DOCUMENTS supporting or relating to the allegation that: "CORPORATE DEFENDANTS

20  routinely failed to provide Plaintiff with a 30-minute unpaid meal period within the first five (5)

21  hours of work in compliance with IWC Orders and Labor Code § 226.7." "Defendants routinely

22  failed to provide Plaintiff with a second 30-minute meal period within the second five (5) hours

23  of work in compliance with IWC Orders and Labor Code § 226.7."

24

25       25. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

26  the allegations in Paragraph 34 of the COMPLAINT, specifically including, but not limited to,

27  DOCUMENTS supporting or relating to the allegation that: "CORPORATE DEFENDANTS

28

1  routinely failed to provide Plaintiff with a 10-minute paid rest period for each four (4) hour period

2  of work, in compliance with IWC Orders and Labor Code § 226.7."

3

4      26. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

5  the allegations in Paragraph 35 of the COMPLAINT, specifically including, but not limited to,

6  DOCUMENTS supporting or relating to the allegation that: "CORPORATE DEFENDANTS'

7  policy and practice of denying Plaintiff meal and rest periods constitutes a willful violation of

8  California Labor Code § 226.7."

9

10      27. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

11  the allegations in Paragraph 38 of the COMPLAINT, specifically including, but not limited to,

12  DOCUMENTS supporting or relating to the allegation that: "CORPORATE DEFENDANTS

13  knowingly and intentionally failed to maintain accurate pay records, and failed to allow current

14  and former employees to inspect pay records upon request, in violation of California Labor Code

15  § 226."

16

17      28. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

18  the allegations in Paragraph 39 of the COMPLAINT, specifically including, but not limited to,

19  DOCUMENTS supporting or relating to the allegation that: "As a direct result of CORPORATE

20  DEFENDANTS' failure, Plaintiff was injured and are (sic) entitled to recover an amount to be

21  proved at trial, of not less than $750 for each violation."

22

23      29. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

24  the allegations in Paragraph 43 of the COMPLAINT, specifically including, but not limited to,

25  DOCUMENTS supporting or relating to the allegation that: "Plaintiff has standing to bring this

26  claim [for alleged violation of Business & Professions Code § 17200 *et seq.*] because he is a

27  direct victim of CORPORATE DEFENDANTS' illegal and unfair business practices, which

28  Defendants engaged in for their sole financial benefit."

1    30. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

2    the allegations in Paragraph 45 of the COMPLAINT, specifically including, but not limited to,

3    DOCUMENTS supporting or relating to the allegation that Plaintiff is entitled to seek "restitution

4    for CORPORATE DEFENDANTS' failure to pay employees regular and overtime wages, and

5    failure to provide meal and rest periods."

6

7    31. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

8    the allegations in Paragraph 47 of the COMPLAINT, specifically including, but not limited to,

9    DOCUMENTS supporting or relating to the allegation that: "The following practices of

10    Defendants, and each of them, are unlawful and unfair business practices under California

11    Business & Professions Code §§ 17200 et seq.: (a) failure to pay all regular and overtime wages,

12    in violation of the California Labor Code and all other applicable laws; (b) failure to provide rest

13    breaks and meal periods pursuant to the California Labor Code and IWC wage orders; (c) failure

14    to maintain accurate pay records, and make those records available for inspection upon request by

15    employees; (d) unjust enrichment due to the failure to pay wages, including overtime wages."

16

17    32. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

18    the allegations in Paragraph 48 of the COMPLAINT, specifically including, but not limited to,

19    DOCUMENTS supporting or relating to the allegation that: "At all times material to this action,

20    CORPORATE DEFENDANTS' conduct described above is an unfair, unlawful and/or fraudulent

21    business practice in violation of California Business & Professions Code §§ 17200 et seq."

22

23    33. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

24    the allegations in Paragraph 49 of the COMPLAINT, specifically including, but not limited to,

25    DOCUMENTS supporting or relating to the allegation that: "As alleged hereinabove,

26    CORPORATE DEFENDANTS have inequitably and unlawfully conspired, agreed, arranged and

27    combined to violate California labor laws, as alleged herein."

28

1    34. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

2    the allegations in Paragraph 50 of the COMPLAINT, specifically including, but not limited to,

3    DOCUMENTS supporting or relating to the allegation that: "[B]y failing to pay wages to all

4    employees at Defendants' business, Defendants have engaged in business within the State of

5    California in a manner that injured competitors, lead (sic) to misrepresentations to the public

6    about the manner in which Defendants engaged in business, and/or destroyed competition in

7    violation of Business & Professions Code § 17043," and "Defendants engaged in the acts and

8    omissions heretofore alleged for the purpose of profiting from lower labor costs, and obtaining an

9    unlawful or unfair advantage, all in a scheme to engage in unfair competition, at the expense of

10   their employees and to the detriment of public policy for the lawful employment of employees."

11

12   35. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

13   the allegations in Paragraph 52 of the COMPLAINT, specifically including, but not limited to,

14   DOCUMENTS supporting or relating to the allegation that: "As a direct and proximate result of

15   the unfair, unlawful, and/or fraudulent business practices alleged herein, Plaintiff has been denied

16   due wages, both regular and overtime, as well as meal and rest periods, all to their (sic) detriment

17   and all to CORPORATE DEFENDANTS' illegal economic advantage."

18

19   36. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

20   the allegations in Paragraph 54 of the COMPLAINT, specifically including, but not limited to,

21   DOCUMENTS supporting or relating to the allegation that there exist, and that Plaintiff is

22   entitled to seek restitution for, "unpaid wages owing to [PLAINTIFF] and members of the general

23   public, according to proof, that the Defendants have enjoyed as a result of the unlawful business

24   practices."

25

26   37. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

27   the allegations in Paragraph 57 of the COMPLAINT, specifically including, but not limited to,

28

1    DOCUMENTS supporting or relating to the allegation that: "There is a financial burden incurred

2    in pursuing this action which would be unjust to place on Plaintiff."

3

4        38. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

5    the allegations in Paragraph 58 of the COMPLAINT, specifically including, but not limited to,

6    DOCUMENTS supporting or relating to the allegation that: "Unless equitable relief is granted,

7    Plaintiff and others similarly situated will continue to be subjected to Defendants' illegal

8    conduct."

9

10       39. Any and all DOCUMENTS that evidence, relate or otherwise pertain to conversations

11   or other COMMUNICATIONS with, or statements by DEFENDANTS, or any present or former

12   employee, officer, or agent of DEFENDANTS, establishing, supporting, refuting or relating in

13   any manner to any alleged failure to pay regular or overtime wages, failure to provide or allow

14   meal and/or rest periods, failure to maintain and/or permit inspection of payroll records, violation

15   of the California Labor Code, violation of any Industrial Wage Commission Order(s), violation of

16   Business & Professions Code § 17200 *et seq.*, or any other wrongful conduct by DEFENDANT,

17   its officers, employees or agents, or any of them, and/or relating in any manner to any of the facts

18   that PLAINTIFF contends establishes any claim, and/or relating in any manner to any and all

19   other matters encompassed by the COMPLAINT or other pleadings herein.

20

21       40. Any and all DOCUMENTS that constitute, relate to, or in any manner pertain to notes

22   or other writings made by PLAINTIFF for his own use that establish, support, refute or relate in

23   any manner to any alleged failure to pay regular or overtime wages, failure to provide or allow

24   meal and/or rest periods, failure to maintain and/or permit inspection of payroll records, violation

25   of the California Labor Code, violation of any Industrial Wage Commission Order(s), violation of

26   Business & Professions Code § 17200 *et seq.*, or any other alleged wrongful conduct by

27   DEFENDANT, its officers, employees or agents, or any of them, and/or relate in any manner to

28

1   any of the facts that PLAINTIFF contends establish any claim, and/or relate in any manner to any

2   and all other matters encompassed by the COMPLAINT or other pleadings herein.

3

4       41. Any and all DOCUMENTS that evidence, relate to or otherwise pertain to any and all

5   employment of PLAINTIFF by any employer or self-employment prior to the employment of

6   PLAINTIFF by DEFENDANT, including, but not limited to, any and all DOCUMENTS relating

7   to resumes and/or other records of employment history; job applications and related

8   documentation; negotiations regarding any aspect of employment; offers of employment; terms,

9   benefits and conditions of employment; employment contracts, if any; at-will employment

10  agreements; job title or status; applications for changes in job status; promotions; transfers; job

11  requirements; job assignments and/or responsibilities; requests for promotions, transfers, changes

12  in job assignments and/or responsibilities, and placements and responses to said requests;

13  evaluations and/or reviews of job performance; reprimands, warnings, discipline; complaints;

14  responses to complaints; grievances, notes of grievance meetings or hearings, and results of

15  grievance proceedings; investigations of PLAINTIFF's conduct; rates of pay, salary, wages,

16  earnings, compensation, commissions, bonuses, or any other form of income or remuneration;

17  changes in rates of pay, salary, wages, earnings, compensation, commissions, bonuses, or in any

18  other form of income or remuneration; offers of benefits to be paid for (in whole or in part) or

19  provided by the employer(s) regardless of whether those benefits were actually obtained; benefits

20  statements; insurance-related documents; pension rights and benefits; seniority; threatened or

21  potential termination and/or other separation of employment; termination and/or other separation

22  from employment; employee handbooks; and employer policies and procedures.

23

24      42. Any and all other DOCUMENTS that evidence, relate or refer to any and all

25  employment of PLAINTIFF by any employer or self-employment during PLAINTIFF's

26  employment by DEFENDANT, including, but not limited to, any and all DOCUMENTS relating

27  to resumes and/or other records of employment history; job applications and related

28  documentation; negotiations regarding any aspect of employment; offers of employment; terms,

1  benefits and conditions of employment; employment contracts, if any; at-will employment

2  agreements; job title or status; applications for changes in job status; promotions; transfers; job

3  requirements; job assignments and/or responsibilities; requests for promotions, transfers, changes

4  in job assignments and/or responsibilities, and placements and responses to said requests;

5  evaluations and/or reviews of job performance; reprimands, warnings, discipline; complaints;

6  responses to complaints; grievances, notes of grievance meetings or hearings, and results of

7  grievance proceedings; investigations of PLAINTIFF's conduct; rates of pay, salary, wages,

8  earnings, compensation, commissions, bonuses, or any other form of income or remuneration;

9  changes in rates of pay, salary, wages, earnings, compensation, commissions, bonuses, or in any

10  other form of income or remuneration; offers of benefits to be paid for (in whole or in part) or

11  provided by the employer(s) regardless of whether those benefits were actually obtained; benefits

12  statements; insurance-related documents; pension rights and benefits; seniority; threatened or

13  potential termination and/or other separation of employment; termination and/or other separation

14  from employment; employee handbooks; and employer policies and procedures.

15

16     43. Any and all other DOCUMENTS that relate or refer to the employment of

17  PLAINTIFF by any DEFENDANT or related entity, including, but not limited to, any and all

18  DOCUMENTS relating to resumes and/or other records of employment history; job applications

19  and related documentation; negotiations regarding any aspect of employment; offers of

20  employment; terms, benefits and conditions of employment; employment contracts, if any; at-will

21  employment agreements; job title or status; applications for changes in job status; promotions;

22  transfers; job requirements; job assignments and/or responsibilities; requests for promotions,

23  transfers, changes in job assignments and/or responsibilities, and placements and responses to

24  said requests; evaluations and/or reviews of job performance; reprimands, warnings, discipline;

25  complaints; responses to complaints; grievances, notes of grievance meetings or hearings, and

26  results of grievance proceedings; investigations of PLAINTIFF's conduct; rates of pay, salary,

27  wages, earnings, compensation, commissions, bonuses, or any other form of income or

28  remuneration; changes in rates of pay, salary, wages, earnings, compensation, commissions,

1   bonuses, or in any other form of income or remuneration; offers of benefits to be paid for (in

2   whole or in part) or provided by any DEFENDANT or related entity regardless of whether those

3   benefits were actually obtained; benefits statements; insurance-related documents; pension rights

4   and benefits; seniority; threatened or potential termination and/or other separation of

5   employment; termination and/or other separation from employment; employee handbooks; and

6   employer policies and procedures.

7

8       44. Any and all DOCUMENTS that evidence, relate to or otherwise pertain to the hours

9   PLAINTIFF worked for DEFENDANTS while employed by DEFENDANTS.

10

11      45. Any and all DOCUMENTS that evidence, relate to or otherwise pertain to any bonus

12  PLAINTIFF requested and/or received from DEFENDANTS and/or any related or affiliated

13  entity, including without limitation, any documents relating to the work PLAINTIFF performed

14  to be eligible for any bonus, any documents or information submitted by PLAINTIFF pursuant to

15  his request for and/or receipt of any bonus, and any payroll documents and/or tax submissions

16  reflecting receipt of any bonus.

17

18      46. Any and all DOCUMENTS that evidence, relate to or otherwise pertain to any

19  severance, separation, and/or settlement agreement and/or release entered into between

20  PLAINTIFF and DEFENDANTS and/or any related or affiliated entity, whether oral or written.

21

22      47. Any and all DOCUMENTS that evidence, relate to or otherwise pertain to any

23  amounts paid to PLAINTIFF under any severance, separation, and/or settlement agreement and/or

24  release entered into between PLAINTIFF and DEFENDANTS and/or any related or affiliated

25  entity, whether oral or written

26

27      48. Any and all DOCUMENTS that evidence, relate to or otherwise pertain to any or all

28  employment of PLAINTIFF by any employer or self-employment subsequent to the employment

1   of PLAINTIFF by DEFENDANT, including, but not limited to, any and all DOCUMENTS

2   relating to resumes and/or other records of employment history; job applications and related

3   documentation; negotiations regarding any aspect of employment; offers of employment; terms,

4   benefits and conditions of employment; employment contracts, if any; at-will employment

5   agreements; job title or status; applications for changes in job status; promotions; transfers; job

6   requirements; job assignments and/or responsibilities; requests for promotions, transfers, changes

7   in job assignments and/or responsibilities, and placements and responses to said requests;

8   evaluations and/or reviews of job performance; reprimands, warnings, discipline; complaints;

9   responses to complaints; grievances, notes of grievance meetings or hearings, and results of

10  grievance proceedings; investigations of PLAINTIFF's conduct; rates of pay, salary, wages,

11  earnings, compensation, commissions, bonuses, or any other form of income or remuneration;

12  changes in rates of pay, salary, wages, earnings, compensation, commissions, bonuses, or in any

13  other form of income or remuneration; offers of benefits to be paid for (in whole or in part) or

14  provided by the employer(s) regardless of whether those benefits were actually obtained; benefits

15  statements; insurance-related documents; pension rights and benefits; seniority; threatened or

16  potential termination and/or other separation of employment; termination and/or other separation

17  from employment; employee handbooks; and employer policies and procedures.

18

19      49. The Federal and State Income Tax Returns, W-2 forms and all other DOCUMENTS

20  that evidence, relate or refer to the amount and source of income earned or received by

21  PLAINTIFF for the years 2004 to the present, including, but not limited to, monies received from

22  self-employment, other employers, and/or the federal, state or local government.

23

24      50. Any and all DOCUMENTS that in any way discuss, relate or otherwise pertain to any

25  other lawsuits filed by PLAINTIFF or filed by others on PLAINTIFF's behalf, or any other

26  complaints, charges, grievances or other legal or equitable claims made by PLAINTIFF, or made

27  by others on PLAINTIFF's behalf, against an employer other than DEFENDANT.

28

51. Any and all DOCUMENTS that refer or relate to any discussion(s) that PLAINTIFF has had with any individual concerning (a) the fact that PLAINTIFF is suing DEFENDANTS; and/or (b) PLAINTIFF's claim or belief that DEFENDANTS, or any of its partners, affiliates, related entities, employees or agents, harmed PLAINTIFF or any other person in any way.

52. All personal or business calendars, journals, diaries, notebooks, logs, appointment books or the like, possessed or maintained by, or on behalf of, PLAINTIFF, from 2004 to the present.

53. All statements or invoices, from 2004 through the present, relating to any credit card and/or ATM card held by PLAINTIFF that demonstrate meal or other food charges on any claimed workday.

54. All statements or invoices, from 2004 through the present, relating to any cellular telephone maintained by PLAINTIFF.

55. Any and all DOCUMENTS that in any manner constitute, discuss or otherwise relate to any notes, writings, or other DOCUMENTS made by any person other than PLAINTIFF that relate in any manner to PLAINTIFF's employment with DEFENDANTS and/or any affiliated or related entity, and/or to the allegations in or any and all other matters encompassed by the COMPLAINT or other pleadings herein.

56. Any and all tape or video or other audio recordings containing any remarks, conversation or speech by or about any past or present agent, employee or representative of DEFENDANTS and/or any affiliated or related entity.

57. Any and all DOCUMENTS not otherwise identified or otherwise referred to herein that support or pertain in any way to the allegations in or any and all other matters encompassed by the COMPLAINT or other pleadings herein.

1  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   ELENA R. BACA (SB# 160564)
2  515 South Flower Street
   Twenty-Fifth Floor
3  Los Angeles, CA  90071-2228
   Telephone:  (213) 683-6000
4  Facsimile:  (213) 627-0705

5  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   SHANNON S. SEVEY (SB# 229319)
6  1117 S. California Avenue
   Palo Alto, CA 94304
7  Telephone:  (650) 320-1800
   Facsimile:  (650) 320-1900

8
   Attorneys for Defendant
9  BelmontCorp

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                     COUNTY OF SANTA CLARA

12

13  SALVADORE TEMORES,                    CASE NO. 1-08-CV 106332

14              Plaintiff,

15       vs.                              **DEFENDANT BELMONTCORP'S FIRST
                                          SET OF REQUESTS FOR PRODUCTION
16  BELMONT VILLAGE SUNNYVALE,            OF DOCUMENTS TO PLAINTIFF
    INC., a California Corporation,       SALVADORE TEMORES**
17  BELMONTCORP, a Maryland
    Corporation, BELMONT VILLAGE and
18  DOES 1-25, inclusive,

19              Defendants.

20

21

22  PROPOUNDING PARTY:        DEFENDANT BELMONTCORP

23  RESPONDING PARTY:         PLAINTIFF SALVADORE TEMORES

24  SET NO.:                  ONE

25

26

27

28
    LEGAL_US_W # 58317821.1                   REQ. FOR PROD. OF DOCUMENTS TO
                                              PLAINTIFF SALVADORE TEMORES

1    TO PLAINTIFF SALVADORE TEMORES AND TO HIS ATTORNEY OF RECORD,

2    ASHWIN LADVA, ESQ. AND THE LADVA LAW FIRM:

3

4          PLEASE TAKE NOTICE that pursuant to Section 2031.010 *et. seq.,* of the

5    California Code of Civil Procedure, Plaintiff Salvadore Temores ("Plaintiff") is hereby requested

6    to produce for inspection and copying the documents and tangible things described hereinbelow

7    on April 9, 2008 at 5:00 p.m., at the law offices of Paul, Hastings, Janofsky & Walker LLP, 515

8    South Flower Street, Twenty-Fifth Floor, Los Angeles, CA 90071-2228.  Plaintiff may comply

9    with this Request by transmitting the documents and physical evidence by mail or overnight

10   delivery service so long as they arrive at the designated place by the aforestated date and time

11   (attention: Elena Baca, Esq.).

12

13         In accordance with Section 2031.210 *et. seq.,* of the California Code of Civil

14   Procedure, Plaintiff also must serve within 30 days after service of this Request a verified written

15   response, responding separately to each item or category of item included in the Request by a

16   statement that Plaintiff will comply with the particular request for inspection, a representation that

17   Plaintiff lacks the ability to comply with the particular request, or an objection to the particular

18   request.  <u>NOTICE</u>:  ANY FAILURE TO SERVE A TIMELY WRITTEN VERIFIED

19   RESPONSE IN ACCORDANCE WITH SECTION 2031.210 WILL CONSTITUTE A WAIVER

20   BY PLAINTIFF OF ANY OBJECTION TO THIS REQUEST, INCLUDING ONE BASED ON

21   PRIVILEGE OR WORK PRODUCT.

22

23

24

25

26

27

28

I.

DEFINITIONS AND INSTRUCTIONS

A. Definitions

    1.  As used herein, the words "DOCUMENT" or "DOCUMENTS" mean any kind of written, typewritten, printed, or recorded material whatsoever, including but not limited to, any notes, memoranda, charges, complaints, claims, affidavits, statements, papers, files, forms, data, tapes, cassettes, discs, magnetic cards, printouts, letters, reports, summaries, compilations, chronicles, publications, books, manuals, handbooks, certificates, minutes, agenda, communications, contracts, agreements, telegrams, teletypes, facsimile, records, correspondence, diaries, calendars, appointment books, logs, audio and/or video recordings and transcriptions of recordings, microfilm, microfiche, electronic records or representations of any kind, information stored on computer (including but not limited to electronic mail) or on any type of computer readable storage media and capable of being reproduced by printed representation of any form, whether or not ever printed out or displayed, photographs, pictures, diagrams, or any other writing, however produced or reproduced, and further including, without limitation, originals, all file copies, all other copies, no matter how prepared, and all drafts prepared in connection with such documents whether or not used, within the possession, custody, and/or control of Plaintiff, or his agents, attorneys, physicians, psychologists, psychiatrists, counselors, and/or any other persons who may act on her behalf, excepting only those documents that are privileged or otherwise protected from discovery, as to which the claim of privilege or protection is specifically stated by written notice to Defendant.

    2.  "DEFENDANTS" refers to Defendant BELMONT VILLAGE SUNNYVALE, INC., a California Corporation, BELMONTCORP, a Maryland Corporation, BELMONT VILLAGE and DOES 1-25, inclusive and/or to any past or present officers, directors, employees and/or

-3-

REQ. FOR PROD. OF DOCUMENTS TO
PLAINTIFF SALVADORE TEMORES

1  agents of said named entity and/or all divisions, subsidiaries, parent, affiliated, related or

2  predecessor companies, or any of them.

3

4      3.  "TEMORES" or "PLAINTIFF" refers to Plaintiff Salvadore Temores and/or his

5  agents and/or representatives, past or present.

6

7      4.  "COMPLAINT" refers to PLAINTIFF's Complaint on file herein.

8

9      5.  "COMMUNICATE" and "COMMUNICATIONS" mean and include any meeting,

10  conference, face-to-face conversation, telephone conversation, or conference or communication

11  used by any media, as well as any written, taped, or recorded communication of any kind

12  whatsoever.

13

14  B.  Instructions

15

16      1.  Documents Withheld

17

18      If any document is withheld under a claim of privilege or other protection, so as to

19  aid the Court and the parties hereto to determine the validity of the claim of privilege or other

20  protection, please provide the following information with respect to any such document:

21

22      a.  The identity of the person(s) who prepared the document, who signed it, and

23  over whose name it was sent or issued;

24

25      b.  The identity of each person(s) to whom the document was directed;

26

27      c.  The nature and substance of the document with sufficient particularity to

28  enable the Court and parties hereto to identify the document;

1     d. The date of the document;

2

3     e. The identity of each person(s) who has custody of, or control over, the

4 document and each copy thereof;

5

6     f. The identity of each person to whom copies of the document were furnished;

7

8     g. The number of pages;

9

10     h. The basis on which any privilege or other protection is claimed; and

11

12     i. Whether any non-privileged or non-protected matter is included in the

13 document.

14

15   2. <u>Partial Production</u>

16

17    Whenever you object to a particular request, or portion thereof, you must produce

18 all documents called for which are not subject to that objection.  Similarly, wherever a document

19 is not produced in full, please state with particularity the reason or reasons it is not being

20 produced in full, and describe, to the best of your knowledge, information and belief and with as

21 much particularity as possible, those portions of the document that are not produced.

22

23   3. <u>Orderly Response</u>

24

25    Wherever it is reasonably practicable, please produce documents in such manner

26 as will facilitate their identification with the particular request or category of requests to which

27 they are responsive.

28

1    4. <u>Construction of "And" and "Or"</u>

2

3         As used herein, the words "and" and "or" shall be construed both conjunctively

4   and disjunctively, and each shall include the other wherever such dual construction will serve to

5   bring within the scope of this Request any documents that would otherwise not be brought within

6   its scope.

7

8    5. <u>Construction of the Singular and Plural Forms</u>

9

10        As used herein, the singular form shall include the plural and vice versa whenever

11  such dual construction will serve to bring within the scope of this Request any documents that

12  would otherwise not be brought within its scope.

13

14                                    II.

15            <u>DOCUMENTS REQUIRED TO BE PRODUCED</u>

16

17        1.    Any and all DOCUMENTS: (a) given to or received from the California Labor and

18  Workforce Development Agency (the "LWDA"), including, but not limited to, the LWDA's

19  Division of Labor Standards Enforcement; and/or (b) constituting, discussing, or otherwise

20  pertaining in any way to correspondence or other written or oral COMMUNICATIONS between

21  PLAINTIFF and the LWDA, that in either case, relate in any manner to any and all complaints

22  filed with the LWDA against DEFENDANTS and/or to any and all matters encompassed by the

23  COMPLAINT.

24        2.    Any and all DOCUMENTS: (a) given to or received from the United States

25  Department of Labor (the "DOL"), including, but not limited to, the DOL's Wage and Hour

26  Division; and/or (b) constituting, discussing, or otherwise pertaining in any way to

27  correspondence or other written or oral COMMUNICATIONS between PLAINTIFF and the

28

LEGAL_US_W # 58317821.1              -6-        REQ. FOR PROD. OF DOCUMENTS TO
                                                PLAINTIFF SALVADORE TEMORES

1    DOL, that in either case, relate in any manner to any and all charges filed with the DOL against

2    DEFENDANTS and/or to any and all matters encompassed by the COMPLAINT

3

4        3.   Any and all DOCUMENTS (a) given to or received from the State of California

5    Employment Development Department or the California Unemployment Insurance Appeals

6    Board, or (b) constituting, discussing or otherwise pertaining in any way to correspondence or

7    other written or oral COMMUNICATIONS between PLAINTIFF and said department or board,

8    that, in either case, relate or pertain in any manner to any claim for unemployment benefits,

9    unemployment benefits received, or to any and all matters encompassed by the COMPLAINT

10   herein.

11

12       4.   Any and all DOCUMENTS:  (a) given to any other local, state or federal agency,

13   office, department, or official, other than those named in Paragraphs 1, 2, and 3 above; and/or (b)

14   constituting, discussing, or otherwise pertaining in any way to correspondence or other written or

15   oral COMMUNICATIONS between PLAINTIFF and any local, state or federal agency, office,

16   department, or official, other than those named in Paragraphs 1, 2, and 3 above, which in either

17   case, relate in any manner to any and all matters encompassed by the COMPLAINT and/or other

18   pleadings herein.

19

20       5.   Any and all DOCUMENTS that constitute, evidence, relate to or otherwise pertain to

21   any violation of the California Labor Code against PLAINTIFF by DEFENDANTS.

22

23       6.   Any and all DOCUMENTS that constitute, evidence, relate to or otherwise pertain to

24   any violation of any California Wage Order against PLAINTIFF by DEFENDANTS.

25

26       7.   Any and all DOCUMENTS that constitute, evidence, relate to or otherwise pertain to

27   any alleged failure by DEFENDANTS to pay wages and/or overtime to PLAINTIFF, as alleged

28   in YOUR cause of action for violation of California Labor Code sections 510 and 204.

LEGAL_US_W # 58317821.1                    -7-              REQ. FOR PROD. OF DOCUMENTS TO
                                                           PLAINTIFF SALVADORE TEMORES

1         8.  Any and all DOCUMENTS that constitute, evidence, relate to or otherwise pertain to

2    any alleged failure by DEFENDANTS to pay wages to PLAINTIFF upon discharge or quitting,

3    as alleged in YOUR cause of action for violation of California Labor Code sections 201, 202, and

4    203.

5

6         9.  Any and all DOCUMENTS that constitute, evidence, relate to or otherwise pertain to

7    any alleged failure by DEFENDANTS to afford mandatory breaks or meal periods, as alleged in

8    YOUR cause of action for violation of California Labor Code section 226.7.

9

10       10. Any and all DOCUMENTS that constitute, evidence, relate to or otherwise pertain to

11   any alleged failure by DEFENDANTS to maintain pay records, as alleged in YOUR cause of

12   action for violation of California Labor Code section 226.

13

14       11. Any and all DOCUMENTS that constitute, evidence, relate to or otherwise pertain to

15   any alleged failure by DEFENDANTS to make pay records available upon request, as alleged in

16   YOUR cause of action for violation of California Labor Code section 226.

17

18       12. Any and all DOCUMENTS that constitute, evidence, relate to or otherwise pertain to

19   any alleged unfair business act or practice by DEFENDANT, as alleged in YOUR cause of action

20   for violation of California Business & Professions Code section 17200 *et. seq.*

21

22       13. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

23   the allegations in Paragraphs 8, 9, and 10 of the COMPLAINT, specifically including, but not

24   limited to, DOCUMENTS supporting or relating to the allegations that: "Plaintiff…was denied

25   regular and overtime wages, and meal and rest periods in violation of the Labor Code and

26   Industrial Wage Commission ("IWC") Orders," "CORPORATE DEFENDANTS failed to

27   provide Plaintiff with regular and overtime wages," "CORPORATE DEFENDANTS failed to

28   provide Plaintiff with meal and rest periods," "Defendants' policies and practices toward its

LEGAL_US_W # 58317821.1         -8-     REQ. FOR PROD. OF DOCUMENTS TO
                                          PLAINTIFF SALVADORE TEMORES

1    employees and Plaintiff violate California Labor Code §§ 510 and 204," and "Defendants'

2    policies and practices toward its employees violate California Labor Code § 226.7."

3

4        14. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

5    the allegations in Paragraph 8 and 11 of the COMPLAINT, specifically including, but not limited

6    to, DOCUMENTS supporting or relating to the allegations that: "CORPORATE DEFENDANTS

7    fail[ed] to maintain employees' payroll records, and make those records available to employees

8    for inspection upon request, in violation of California law," "CORPORATE DEFENDANTS

9    failed to maintain accurate payroll records, and fail to provide Plaintiff with those records for

10   inspection upon request," and "Defendants' policies and practices toward its employees violate

11   California Labor Code § 226."

12

13       15. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

14   the allegations in Paragraph 12 of the COMPLAINT, specifically including, but not limited to,

15   DOCUMENTS supporting or relating to the allegations that: "Defendants routinely required

16   employees to work more than five (5) hours at a time without a break," "Plaintiff was routinely

17   not permitted to take a one-hour meal period or even a 30-minute meal period, as required by

18   law," and "Defendants routinely scheduled employees to work consecutive hours (over five)

19   during a given day without interruption."

20

21       16. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

22   the allegations in Paragraph 13 of the COMPLAINT, specifically including, but not limited to,

23   DOCUMENTS supporting or relating to the allegation that: "Defendants routinely denied regular

24   wages, and overtime wages to Plaintiff working more than eight (8) hours per day and more than

25   forty (40) hours per week. In addition, Defendants routinely failed to timely pay Plaintiff his due

26   wages."

27

28

17. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support the allegations in Paragraph 14 of the COMPLAINT, specifically including, but not limited to, DOCUMENTS supporting or relating to the allegation that: "Defendants' illegal policy of denying regular and overtime wages, failing to timely pay wages, and forcing employees to forego a meal and rest period also constitute a violation of California's Unfair Competition Law (Business and Professions Code §§ 17200, et seq.), in that Defendant's (sic) policies and practices constitute unlawful, unfair, or fraudulent business acts or practices, including violations of California Labor Code provisions and California IWC Orders."

18. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support the allegations in Paragraph 21 of the COMPLAINT, specifically including, but not limited to, DOCUMENTS supporting or relating to the allegation that: "Plaintiff has worked for Defendants without being paid for all hours worked, regular and overtime."

19. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support the allegations in Paragraph 22 of the COMPLAINT, specifically including, but not limited to, DOCUMENTS supporting or relating to the allegation that: "As a result of CORPORATE DEFENDANTS' violation of statutory duties to comply with statutory wage requirements, [] Plaintiff was damaged in an amount above the jurisdictional limits of this Court."

20. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support the allegations in Paragraph 23 of the COMPLAINT, specifically including, but not limited to, DOCUMENTS supporting or relating to the allegation that: Plaintiff is owed wages by "CORPORATE DEFENDANTS."

21. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support the allegations in Paragraphs 25 and 36 of the COMPLAINT, specifically including, but not

1    limited to, DOCUMENTS supporting or relating to the allegation that: "Plaintiff has incurred, and

2    will continue to incur attorneys' fees and costs in the prosecution of this action."

3

4        22. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

5    the allegations in Paragraph 28 of the COMPLAINT, specifically including, but not limited to,

6    DOCUMENTS supporting or relating to the allegation that: "Plaintiff is entitled to unpaid

7    compensation, but to date has not received such compensation," and "As a result of

8    CORPORATE DEFENDANTS' willful conduct in not paying compensation for all hours

9    worked, Plaintiff is entitled to 30 days wages as penalty under Labor Code § 203, together with

10   interest thereon and attorneys' fees and costs."

11

12       23. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

13   the allegations in Paragraph 30 of the COMPLAINT, specifically including, but not limited to,

14   DOCUMENTS supporting or relating to the allegation that: "Plaintiff was covered by the

15   provisions of Industrial Wage Commission ("IWC") Orders, including IWC Orders 1-2001.

16

17       24. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

18   the allegations in Paragraph 33 of the COMPLAINT, specifically including, but not limited to,

19   DOCUMENTS supporting or relating to the allegation that: "CORPORATE DEFENDANTS

20   routinely failed to provide Plaintiff with a 30-minute unpaid meal period within the first five (5)

21   hours of work in compliance with IWC Orders and Labor Code § 226.7." "Defendants routinely

22   failed to provide Plaintiff with a second 30-minute meal period within the second five (5) hours

23   of work in compliance with IWC Orders and Labor Code § 226.7."

24

25       25. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

26   the allegations in Paragraph 34 of the COMPLAINT, specifically including, but not limited to,

27   DOCUMENTS supporting or relating to the allegation that: "CORPORATE DEFENDANTS

28

1  routinely failed to provide Plaintiff with a 10-minute paid rest period for each four (4) hour period

2  of work, in compliance with IWC Orders and Labor Code § 226.7."

3

4      26. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

5  the allegations in Paragraph 35 of the COMPLAINT, specifically including, but not limited to,

6  DOCUMENTS supporting or relating to the allegation that: "CORPORATE DEFENDANTS'

7  policy and practice of denying Plaintiff meal and rest periods constitutes a willful violation of

8  California Labor Code § 226.7."

9

10     27. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

11  the allegations in Paragraph 38 of the COMPLAINT, specifically including, but not limited to,

12  DOCUMENTS supporting or relating to the allegation that: "CORPORATE DEFENDANTS

13  knowingly and intentionally failed to maintain accurate pay records, and failed to allow current

14  and former employees to inspect pay records upon request, in violation of California Labor Code

15  § 226."

16

17     28. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

18  the allegations in Paragraph 39 of the COMPLAINT, specifically including, but not limited to,

19  DOCUMENTS supporting or relating to the allegation that: "As a direct result of CORPORATE

20  DEFENDANTS' failure, Plaintiff was injured and are (sic) entitled to recover an amount to be

21  proved at trial, of not less than $750 for each violation."

22

23     29. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

24  the allegations in Paragraph 43 of the COMPLAINT, specifically including, but not limited to,

25  DOCUMENTS supporting or relating to the allegation that: "Plaintiff has standing to bring this

26  claim [for alleged violation of Business & Professions Code § 17200 et seq.] because he is a

27  direct victim of CORPORATE DEFENDANTS' illegal and unfair business practices, which

28  Defendants engaged in for their sole financial benefit."

1    30. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

2    the allegations in Paragraph 45 of the COMPLAINT, specifically including, but not limited to,

3    DOCUMENTS supporting or relating to the allegation that Plaintiff is entitled to seek "restitution

4    for CORPORATE DEFENDANTS' failure to pay employees regular and overtime wages, and

5    failure to provide meal and rest periods."

6

7    31. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

8    the allegations in Paragraph 47 of the COMPLAINT, specifically including, but not limited to,

9    DOCUMENTS supporting or relating to the allegation that: "The following practices of

10   Defendants, and each of them, are unlawful and unfair business practices under California

11   Business & Professions Code §§ 17200 et seq.: (a) failure to pay all regular and overtime wages,

12   in violation of the California Labor Code and all other applicable laws; (b) failure to provide rest

13   breaks and meal periods pursuant to the California Labor Code and IWC wage orders; (c) failure

14   to maintain accurate pay records, and make those records available for inspection upon request by

15   employees; (d) unjust enrichment due to the failure to pay wages, including overtime wages."

16

17   32. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

18   the allegations in Paragraph 48 of the COMPLAINT, specifically including, but not limited to,

19   DOCUMENTS supporting or relating to the allegation that: "At all times material to this action,

20   CORPORATE DEFENDANTS' conduct described above is an unfair, unlawful and/or fraudulent

21   business practice in violation of California Business & Professions Code §§ 17200 et seq."

22

23   33. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

24   the allegations in Paragraph 49 of the COMPLAINT, specifically including, but not limited to,

25   DOCUMENTS supporting or relating to the allegation that: "As alleged hereinabove,

26   CORPORATE DEFENDANTS have inequitably and unlawfully conspired, agreed, arranged and

27   combined to violate California labor laws, as alleged herein."

28

LEGAL_US_W # 58317821.1                    -13-          REQ. FOR PROD. OF DOCUMENTS TO
                                                         PLAINTIFF SALVADORE TEMORES

1    34. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

2    the allegations in Paragraph 50 of the COMPLAINT, specifically including, but not limited to,

3    DOCUMENTS supporting or relating to the allegation that: "[B]y failing to pay wages to all

4    employees at Defendants' business, Defendants have engaged in business within the State of

5    California in a manner that injured competitors, lead (sic) to misrepresentations to the public

6    about the manner in which Defendants engaged in business, and/or destroyed competition in

7    violation of Business & Professions Code § 17043," and "Defendants engaged in the acts and

8    omissions heretofore alleged for the purpose of profiting from lower labor costs, and obtaining an

9    unlawful or unfair advantage, all in a scheme to engage in unfair competition, at the expense of

10   their employees and to the detriment of public policy for the lawful employment of employees."

11

12   35. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

13   the allegations in Paragraph 52 of the COMPLAINT, specifically including, but not limited to,

14   DOCUMENTS supporting or relating to the allegation that: "As a direct and proximate result of

15   the unfair, unlawful, and/or fraudulent business practices alleged herein, Plaintiff has been denied

16   due wages, both regular and overtime, as well as meal and rest periods, all to their (sic) detriment

17   and all to CORPORATE DEFENDANTS' illegal economic advantage."

18

19   36. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

20   the allegations in Paragraph 54 of the COMPLAINT, specifically including, but not limited to,

21   DOCUMENTS supporting or relating to the allegation that there exist, and that Plaintiff is

22   entitled to seek restitution for, "unpaid wages owing to [PLAINTIFF] and members of the general

23   public, according to proof, that the Defendants have enjoyed as a result of the unlawful business

24   practices."

25

26   37. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

27   the allegations in Paragraph 57 of the COMPLAINT, specifically including, but not limited to,

28

LEGAL_US_W # 58317821.1                        -14-            REQ. FOR PROD. OF DOCUMENTS TO
                                                               PLAINTIFF SALVADORE TEMORES

1    DOCUMENTS supporting or relating to the allegation that: "There is a financial burden incurred

2    in pursuing this action which would be unjust to place on Plaintiff."

3

4        38. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

5    the allegations in Paragraph 58 of the COMPLAINT, specifically including, but not limited to,

6    DOCUMENTS supporting or relating to the allegation that: "Unless equitable relief is granted,

7    Plaintiff and others similarly situated will continue to be subjected to Defendants' illegal

8    conduct."

9

10        39. Any and all DOCUMENTS that evidence, relate or otherwise pertain to conversations

11    or other COMMUNICATIONS with, or statements by DEFENDANTS, or any present or former

12    employee, officer, or agent of DEFENDANTS, establishing, supporting, refuting or relating in

13    any manner to any alleged failure to pay regular or overtime wages, failure to provide or allow

14    meal and/or rest periods, failure to maintain and/or permit inspection of payroll records, violation

15    of the California Labor Code, violation of any Industrial Wage Commission Order(s), violation of

16    Business & Professions Code § 17200 *et seq.*, or any other wrongful conduct by DEFENDANT,

17    its officers, employees or agents, or any of them, and/or relating in any manner to any of the facts

18    that PLAINTIFF contends establishes any claim, and/or relating in any manner to any and all

19    other matters encompassed by the COMPLAINT or other pleadings herein.

20

21        40. Any and all DOCUMENTS that constitute, relate to, or in any manner pertain to notes

22    or other writings made by PLAINTIFF for his own use that establish, support, refute or relate in

23    any manner to any alleged failure to pay regular or overtime wages, failure to provide or allow

24    meal and/or rest periods, failure to maintain and/or permit inspection of payroll records, violation

25    of the California Labor Code, violation of any Industrial Wage Commission Order(s), violation of

26    Business & Professions Code § 17200 *et seq.*, or any other alleged wrongful conduct by

27    DEFENDANT, its officers, employees or agents, or any of them, and/or relate in any manner to

28

LEGAL_US_W # 58317821.1                        -15-          REQ. FOR PROD. OF DOCUMENTS TO
                                                             PLAINTIFF SALVADORE TEMORES

1   any of the facts that PLAINTIFF contends establish any claim, and/or relate in any manner to any

2   and all other matters encompassed by the COMPLAINT or other pleadings herein.

3

4        41. Any and all DOCUMENTS that evidence, relate to or otherwise pertain to any and all

5   employment of PLAINTIFF by any employer or self-employment prior to the employment of

6   PLAINTIFF by DEFENDANT, including, but not limited to, any and all DOCUMENTS relating

7   to resumes and/or other records of employment history; job applications and related

8   documentation; negotiations regarding any aspect of employment; offers of employment; terms,

9   benefits and conditions of employment; employment contracts, if any; at-will employment

10  agreements; job title or status; applications for changes in job status; promotions; transfers; job

11  requirements; job assignments and/or responsibilities; requests for promotions, transfers, changes

12  in job assignments and/or responsibilities, and placements and responses to said requests;

13  evaluations and/or reviews of job performance; reprimands, warnings, discipline; complaints;

14  responses to complaints; grievances, notes of grievance meetings or hearings, and results of

15  grievance proceedings; investigations of PLAINTIFF's conduct; rates of pay, salary, wages,

16  earnings, compensation, commissions, bonuses, or any other form of income or remuneration;

17  changes in rates of pay, salary, wages, earnings, compensation, commissions, bonuses, or in any

18  other form of income or remuneration; offers of benefits to be paid for (in whole or in part) or

19  provided by the employer(s) regardless of whether those benefits were actually obtained; benefits

20  statements; insurance-related documents; pension rights and benefits; seniority; threatened or

21  potential termination and/or other separation of employment; termination and/or other separation

22  from employment; employee handbooks; and employer policies and procedures.

23

24       42. Any and all other DOCUMENTS that evidence, relate or refer to any and all

25  employment of PLAINTIFF by any employer or self-employment during PLAINTIFF's

26  employment by DEFENDANT, including, but not limited to, any and all DOCUMENTS relating

27  to resumes and/or other records of employment history; job applications and related

28  documentation; negotiations regarding any aspect of employment; offers of employment; terms,

LEGAL_US_W # 5831782f.1                    -16-        REQ. FOR PROD. OF DOCUMENTS TO
                                                       PLAINTIFF SALVADORE TEMORES

1    benefits and conditions of employment; employment contracts, if any; at-will employment

2    agreements; job title or status; applications for changes in job status; promotions; transfers; job

3    requirements; job assignments and/or responsibilities; requests for promotions, transfers, changes

4    in job assignments and/or responsibilities, and placements and responses to said requests;

5    evaluations and/or reviews of job performance; reprimands, warnings, discipline; complaints;

6    responses to complaints; grievances, notes of grievance meetings or hearings, and results of

7    grievance proceedings; investigations of PLAINTIFF's conduct; rates of pay, salary, wages,

8    earnings, compensation, commissions, bonuses, or any other form of income or remuneration;

9    changes in rates of pay, salary, wages, earnings, compensation, commissions, bonuses, or in any

10   other form of income or remuneration; offers of benefits to be paid for (in whole or in part) or

11   provided by the employer(s) regardless of whether those benefits were actually obtained; benefits

12   statements; insurance-related documents; pension rights and benefits; seniority; threatened or

13   potential termination and/or other separation of employment; termination and/or other separation

14   from employment; employee handbooks; and employer policies and procedures.

15

16       43. Any and all other DOCUMENTS that relate or refer to the employment of

17   PLAINTIFF by any DEFENDANT or related entity, including, but not limited to, any and all

18   DOCUMENTS relating to resumes and/or other records of employment history; job applications

19   and related documentation; negotiations regarding any aspect of employment; offers of

20   employment; terms, benefits and conditions of employment; employment contracts, if any; at-will

21   employment agreements; job title or status; applications for changes in job status; promotions;

22   transfers; job requirements; job assignments and/or responsibilities; requests for promotions,

23   transfers, changes in job assignments and/or responsibilities, and placements and responses to

24   said requests; evaluations and/or reviews of job performance; reprimands, warnings, discipline;

25   complaints; responses to complaints; grievances, notes of grievance meetings or hearings, and

26   results of grievance proceedings; investigations of PLAINTIFF's conduct; rates of pay, salary,

27   wages, earnings, compensation, commissions, bonuses, or any other form of income or

28   remuneration; changes in rates of pay, salary, wages, earnings, compensation, commissions,

1   bonuses, or in any other form of income or remuneration; offers of benefits to be paid for (in

2   whole or in part) or provided by any DEFENDANT or related entity regardless of whether those

3   benefits were actually obtained; benefits statements; insurance-related documents; pension rights

4   and benefits; seniority; threatened or potential termination and/or other separation of

5   employment; termination and/or other separation from employment; employee handbooks; and

6   employer policies and procedures.

7

8       44. Any and all DOCUMENTS that evidence, relate to or otherwise pertain to the hours

9   PLAINTIFF worked for DEFENDANTS while employed by DEFENDANTS.

10

11      45. Any and all DOCUMENTS that evidence, relate to or otherwise pertain to any bonus

12  PLAINTIFF requested and/or received from DEFENDANTS and/or any related or affiliated

13  entity, including without limitation, any documents relating to the work PLAINTIFF performed

14  to be eligible for any bonus, any documents or information submitted by PLAINTIFF pursuant to

15  his request for and/or receipt of any bonus, and any payroll documents and/or tax submissions

16  reflecting receipt of any bonus.

17

18      46. Any and all DOCUMENTS that evidence, relate to or otherwise pertain to any

19  severance, separation, and/or settlement agreement and/or release entered into between

20  PLAINTIFF and DEFENDANTS and/or any related or affiliated entity, whether oral or written.

21

22      47. Any and all DOCUMENTS that evidence, relate to or otherwise pertain to any

23  amounts paid to PLAINTIFF under any severance, separation, and/or settlement agreement and/or

24  release entered into between PLAINTIFF and DEFENDANTS and/or any related or affiliated

25  entity, whether oral or written

26

27      48. Any and all DOCUMENTS that evidence, relate to or otherwise pertain to any or all

28  employment of PLAINTIFF by any employer or self-employment subsequent to the employment

1  of PLAINTIFF by DEFENDANT, including, but not limited to, any and all DOCUMENTS

2  relating to resumes and/or other records of employment history; job applications and related

3  documentation; negotiations regarding any aspect of employment; offers of employment; terms,

4  benefits and conditions of employment; employment contracts, if any; at-will employment

5  agreements; job title or status; applications for changes in job status; promotions; transfers; job

6  requirements; job assignments and/or responsibilities; requests for promotions, transfers, changes

7  in job assignments and/or responsibilities, and placements and responses to said requests;

8  evaluations and/or reviews of job performance; reprimands, warnings, discipline; complaints;

9  responses to complaints; grievances, notes of grievance meetings or hearings, and results of

10  grievance proceedings; investigations of PLAINTIFF's conduct; rates of pay, salary, wages,

11  earnings, compensation, commissions, bonuses, or any other form of income or remuneration;

12  changes in rates of pay, salary, wages, earnings, compensation, commissions, bonuses, or in any

13  other form of income or remuneration; offers of benefits to be paid for (in whole or in part) or

14  provided by the employer(s) regardless of whether those benefits were actually obtained; benefits

15  statements; insurance-related documents; pension rights and benefits; seniority; threatened or

16  potential termination and/or other separation of employment; termination and/or other separation

17  from employment; employee handbooks; and employer policies and procedures.

18

19      49. The Federal and State Income Tax Returns, W-2 forms and all other DOCUMENTS

20  that evidence, relate or refer to the amount and source of income earned or received by

21  PLAINTIFF for the years 2004 to the present, including, but not limited to, monies received from

22  self-employment, other employers, and/or the federal, state or local government.

23

24      50. Any and all DOCUMENTS that in any way discuss, relate or otherwise pertain to any

25  other lawsuits filed by PLAINTIFF or filed by others on PLAINTIFF's behalf, or any other

26  complaints, charges, grievances or other legal or equitable claims made by PLAINTIFF, or made

27  by others on PLAINTIFF's behalf, against an employer other than DEFENDANT.

28

1    51. Any and all DOCUMENTS that refer or relate to any discussion(s) that PLAINTIFF

2    has had with any individual concerning (a) the fact that PLAINTIFF is suing DEFENDANTS;

3    and/or (b) PLAINTIFF's claim or belief that DEFENDANTS, or any of its partners, affiliates,

4    related entities, employees or agents, harmed PLAINTIFF or any other person in any way.

5

6    52. All personal or business calendars, journals, diaries, notebooks, logs, appointment

7    books or the like, possessed or maintained by, or on behalf of, PLAINTIFF, from 2004 to the

8    present.

9

10    53. All statements or invoices, from 2004 through the present, relating to any credit card

11    and/or ATM card held by PLAINTIFF that demonstrate meal or other food charges on any

12    claimed workday.

13

14    54. All statements or invoices, from 2004 through the present, relating to any cellular

15    telephone maintained by PLAINTIFF.

16

17    55. Any and all DOCUMENTS that in any manner constitute, discuss or otherwise relate

18    to any notes, writings, or other DOCUMENTS made by any person other than PLAINTIFF that

19    relate in any manner to PLAINTIFF's employment with DEFENDANTS and/or any affiliated or

20    related entity, and/or to the allegations in or any and all other matters encompassed by the

21    COMPLAINT or other pleadings herein.

22

23    56. Any and all tape or video or other audio recordings containing any remarks,

24    conversation or speech by or about any past or present agent, employee or representative of

25    DEFENDANTS and/or any affiliated or related entity.

26

27

28

57. Any and all DOCUMENTS not otherwise identified or otherwise referred to herein that support or pertain in any way to the allegations in or any and all other matters encompassed by the COMPLAINT or other pleadings herein.


DATED:  March 10, 2008                    PAUL, HASTINGS, JANOFSKY & WALKER LLP
                                          ELENA R. BACA
                                          SHANNON S. SEVEY


                                          By: _Shannon Sevey_____
                                               SHANNON S. SEVEY

                                          Attorneys for Defendant
                                          BelmontCorp

PAUL, HASTINGS, JANOFSKY & WALKER LLP
ELENA R. BACA (SB# 160564)
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA 90071-2228
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

PAUL, HASTINGS, JANOFSKY & WALKER LLP
SHANNON S. SEVEY (SB# 229319)
1117 S. California Avenue
Palo Alto, CA 94304
Telephone: (650) 320-1800
Facsimile: (650) 320-1900

Attorneys for Defendant
BelmontCorp.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

SALVADORE TEMORES,

Plaintiff,

vs.

BELMONT VILLAGE SUNNYVALE,
INC., a California Corporation,
BELMONTCORP, a Maryland
Corporation, BELMONT VILLAGE and
DOES 1-25, inclusive,

Defendants.

CASE NO. 1-08-CV 106332

**PROOF OF SERVICE BY HAND DELIVERY**

1

<u>**PROOF OF SERVICE BY HAND DELIVERY**</u>

2

STATE OF CALIFORNIA                         )

3                                           ) ss:

CITY AND COUNTY OF SANTA CLARA              )

4

5        I am employed in the City of Palo Alto, County of Santa Clara, State of California.  I am over the age of 18, and not a party to the within action.  My business address is 1117 S. California Avenue, Palo Alto, California 94304-1106.

6

7        On March 10, 2008, I caused to be served copies copy of the foregoing documents described as:

8        **DEFENDANT BELMONT CORP'S FIRST SET OF REQUESTS FOR**

9        **PRODUCTION OF DOCUMENTS TO PLAINTIFF SALVADORE TEMORES**

10       **NOTICE OF DEPOSITION OF PLAINTIFF SALVADORE TEMORES**

11

12       **PROOF OF SERVICE BY HAND DELIVERY**

13       ☐    **VIA PDF EMAIL:**
              By forwarding the documents by electronic transmission on this date, in compliance with Civil L.R. 23-2, to:

14

15       ☐    **VIA U.S. MAIL:**
              On December 14, 2006, at Palo Alto, California. by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Palo Alto, California addressed as set forth above.

16

17       ☒    **VIA HAND DELIVERY:**
              I caused to be delivered such sealed envelope by hand to the offices of the addressees listed below pursuant to CCP § 1011.

18

19            Ashwin Ladva
              Ladva, Shoker & Associates
              530 Jackson Street, 2nd Floor

20            San Francisco, CA 94133

21       ☐    **VIA FACSIMILE:**
              I caused said documents to be transmitted by facsimile pursuant to Federal Rule of Civil

22            Procedures 5 (b)(2)(d).  The facsimile was transmitted to the facsimile numbers shown below on _____.  The facsimile transmission report indicated that the

23            transmission was complete and without error.

24

25       I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

26       Executed on March 10, 2008, at Palo Alto, California.

27                                                    Cheryl A. Gardner

28

-2-                                          PROOF OF SERVICE BY HAND
                                             DELIVERY

1  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   ELENA R. BACA (SB# 160564)
2  515 South Flower Street
   Twenty-Fifth Floor
3  Los Angeles, CA 90071-2228
   Telephone: (213) 683-6000
4  Facsimile: (213) 627-0705

5  SHANNON S. SEVEY (SB# 229319)
   1117 S. California Avenue
6  Palo Alto, CA 94304-1106
   Telephone: (650) 320-1800
7  Facsimile: (650) 320-1900

8  Attorneys for Defendants
   BELMONT VILLAGE SUNNYVALE, INC.,
9  BELMONTCORP, AND BELMONT VILLAGE L.P.

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                      COUNTY OF SANTA CLARA

12

13  SALVADORE TEMORES,                    CASE NO. 108CV106332

14              Plaintiff,                **DEFENDANTS' ANSWER TO
                                          PLAINTIFF'S UNVERIFIED COMPLAINT**
15       vs.

16  BELMONT VILLAGE SUNNYVALE,
    INC., a California Corporation;
17  BELMONTCORP, a Maryland
    Corporation; BELMONT VILLAGE, and
18  DOES 1-25, inclusive,

19              Defendants.

20

21  TO PLAINTIFF SALVADORE TEMORES AND TO HIS ATTORNEYS OF RECORD,

22  ASHWIN LADVA, JASON LUNDBERG AND LADVA LAW FIRM:

23

24        Defendants BELMONT VILLAGE SUNNYVALE, INC., BELMONTCORP,

25  AND BELMONT VILLAGE L.P. ("Defendants"), for themselves alone and no other defendant,

26  hereby answer the unverified Complaint ("Complaint") of Plaintiff SALVADORE TEMORES

27  ("Plaintiff") as follows:

28

LEGAL_US_W # 58428711.1

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1      1.      Pursuant to Section 431.30(d) of the California Code of Civil Procedure,

2    Defendants deny, generally and specifically, each and every allegation in Plaintiff's Complaint.

3

4      2.      Defendants further deny, generally and specifically, that Plaintiff is entitled

5    to the relief requested, or that Plaintiff has been or will be damaged in any sum, or at all, by

6    reason of any act or omission on the part of Defendants, or any of their past or present agents,

7    representatives, or employees.

8         Without admitting any facts alleged by Plaintiff, Defendants also plead the

9    following separate and affirmative defenses to the Complaint:

10

11    ## FIRST SEPARATE AND AFFIRMATIVE DEFENSE

12

13      3.      The Complaint, and each of its causes of action, fails to state a claim upon

14    which relief can be granted.

15

16    ## SECOND SEPARATE AND AFFIRMATIVE DEFENSE

17

18      4.      The Complaint is barred because, at all times material to the Complaint,

19    Plaintiff, and any person(s) Plaintiff purports to represent, were properly classified as exempt

20    from the overtime and/or meal and rest period provisions of the California Industrial Welfare

21    Commission ("IWC") Wage Orders and the California Labor Code, including but not necessarily

22    limited Industrial Welfare Commission Wage Order 4-2001 paragraphs (1)(A)(2) (administrative

23    exemption); (1)(A)(2)(b) (learned professional exemption); and/or (1)(A)(3)(h) (computer

24    professional exemption).

25

26

27

28

LEGAL_US_W # 58428711.1                      -2-

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

# THIRD SEPARATE AND AFFIRMATIVE DEFENSE

5.     The Complaint, and each of its causes of action, is barred because any recovery from Defendants would result in the unjust enrichment of Plaintiff and/or any person(s) Plaintiff purports to represent.

# FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

6.     The Complaint, and each of its causes of action, is barred because Plaintiff, and any other person(s) Plaintiff purports to represent, misperformed their respective duties, and failed to perform those duties which Defendants realistically expected each to perform. *Ramirez v. Yosemite Water Co., Inc.*, 20 Cal. 4th 785 (1999); Cal. Lab. § 2857.

# FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

7.     Plaintiff's Complaint, and each purported claim alleged therein, is barred in whole or in part because Defendants had an honest, good faith belief that all decisions with respect to the employment of Plaintiff or any person Plaintiff purports to represent were made in accordance with the California Industrial Welfare Commission's Wage Orders and California law with respect to compensation, and were made by Defendants solely for legitimate, business-related reasons and were reasonably based upon the facts as Defendants understood them.

# SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

8.     Plaintiff's claims are barred, in whole or in part, by all applicable statutes limitations, including California Code of Civil Procedure Sections 335.1, 338, and 340; California Labor Code Sections 200 *et seq.*; and California Business and Professions Code Section 17208.

LEGAL_US_W # 58428711.1

-3-

## SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

9.    Plaintiff's Complaint is barred by the doctrines of *res judicata* and/or collateral estoppel.

## EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

10.    The Complaint, and each claim for relief contained therein, is barred to the extent that Plaintiff or any of the person(s) Plaintiffs purport to represent are covered by any prior settlement agreement related to any claims asserted in this lawsuit.

## NINTHSEPARATE AND AFFIRMATIVE DEFENSE

11.    The Complaint, and each claim for relief contained therein, is barred on the grounds that Plaintiff agreed to submit the causes of action contained therein to arbitration and/or other internal administrative remedies which Plaintiff failed to exhaust.

## TENTH SEPARATE AND AFFIRMATIVE DEFENSE

12.    Plaintiff's claim for waiting time penalties fails because any failure to pay wages was not willful within the meaning of California Labor Code Section 203.

## ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

13.    Plaintiff's claim for penalties for failure to furnish itemized wage statements fails because Plaintiff, and any person(s) Plaintiff purports to represent, did not suffer any injury thereby and because any recordkeeping defects were unintentional.

## TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE

14.     Plaintiff's claim for penalties for failure to furnish itemized wage statements fails because Plaintiff, and any person(s) Plaintiff purports to represent, were properly classified as exempt from the overtime provisions of the California Industrial Welfare Commission Orders and California law.

## THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

15.     Plaintiff's claims for failure to provide meal and rest periods fail because Plaintiff, and any person(s) Plaintiff purports to represent, were properly classified as exempt employees under California Law and the California Industrial Welfare Commission Orders.

## FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

16.     Plaintiff's claims for failure to provide meal and rest periods fail because Plaintiff, and any person(s) Plaintiff purports to represent, were provided the opportunity to take meal and rest periods as required under California Labor Code Sections 226.7 and 512.

## FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

17.     Plaintiff, and any person(s) Plaintiff purports to represent, are not entitled to any penalty award under Sections 203, 210, 226, 226.3, 226.7, 558, 1194, and, but not limited to, 2699 of the California Labor Code because, at all times relevant to the Complaint, Defendants did not willfully fail to comply with the compensation provisions of the California Labor Code or the applicable wage order, but rather acted in good faith and had reasonable grounds for believing that they did not violate the compensation provisions of the California Labor Code or the applicable wage order.

LEGAL_US_W # 58428711.1

-5-

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1

## SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

2

3        18.    In the event that Plaintiff otherwise is entitled to an award of damages

4    against Defendants, that award must be barred or reduced by amounts already paid to Plaintiff

5    and/or any person(s) Plaintiff purports to represent.

6

7

## SEVENTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

8

9        19.    The damages, if any, of Plaintiff, and any person(s) Plaintiff purports to

10    represent, the existence of which is expressly denied, are barred or diminished by reason of the

11    failure of Plaintiff and/or those Plaintiff purports to represent to mitigate those damages.

12

13

## EIGHTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

14

15        20.    To the extent Plaintiff seeks any penalties, such claims are barred by a one-

16    year statute of limitations.  Cal. Civ. Proc. Code § 340(a).

17

18

## NINETEENTH SEPARATE AND AFFIRMATIVE DEFENSE

19

20        21.    Plaintiff's claim under the California Business and Profession Code is

21    barred because the remedies for the alleged violations are limited to the remedies expressly

22    provided in the California Labor Code.

23

24

## TWENTIETH SEPARATE AND AFFIRMATIVE DEFENSE

25

26        22.    Plaintiff's claim for relief under California Business and Professions Code

27    Sections 17200 *et seq.* is barred to the extent that Plaintiff seeks any remedy other than those

28    available under the statute, namely restitution and injunctive relief.

LEGAL_US_W # 58428711.1                        -6-

1

## TWENTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE

2

3        23.    Plaintiff's claim under California Business and Professions Code

4   Sections 17200 *et seq.* is barred because Plaintiff is not seeking recovery of a quantifiable sum

5   owed by Defendant to Plaintiff, or any person(s) Plaintiff purports to represent.

6

## TWENTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE

7

8

9        24.    Plaintiff's claim for a Court order restoring money to him is a claim for

10  restitution damages and is barred because restitution damages under California Business and

11  Professions Code Sections 17200, *et seq.* deny due process, impinge upon procedural and

12  substantive due process rights, and violate the United States Constitution.

13

14        WHEREFORE, Defendants pray for judgment as follows:

15

16        1.    That Plaintiff take nothing by reason of his Complaint, that the Complaint

17  be dismissed in its entirety with prejudice, and that judgment be entered for Defendant;

18

19        2.    That Defendants be awarded their reasonable costs and attorneys' fees; and

20

21        3.    That Defendants be awarded such other and further relief as the Court

22  deems just and proper.

23

24

25

26

27

28

LEGAL_US_W # 58428711.1                    -7-

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1    DATED: March 28, 2008

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PAUL, HASTINGS, JANOFSKY & WALKER LLP
SHANNON S. SEVEY


By: _Shannon Sevey_
        SHANNON S. SEVEY

Attorneys for Defendants
BELMONT VILLAGE SUNNYVALE, INC.,
BELMONTCORP, AND BELMONT VILLAGE

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   ELENA R. BACA (SB# 160564)
2  elenabaca@paulhastings.com
   515 South Flower Street
3  Twenty-Fifth Floor
   Los Angeles, CA  90071-2228
4  Telephone:  (213) 683-6000
   Facsimile:  (213) 627-0705
5
   SHANNON S. SEVEY (SB# 229319)
6  shannonsevey@paulhastings.com
   1117 S. California Avenue
7  Palo Alto, CA  94304-1106
   Telephone:  (650) 320-1800
8  Facsimile:  (650) 320-1900
9  Attorneys for Defendants
   BELMONT VILLAGE SUNNYVALE, INC.,
10 BELMONTCORP, AND BELMONT VILLAGE L.P.

11            SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                      COUNTY OF SANTA CLARA

13

14 SALVADORE TEMORES,                     CASE NO. 1-08-CV 106332

15            Plaintiff,                  **NOTICE TO STATE COURT CLERK OF
                                          FILING OF NOTICE OF REMOVAL TO
16      vs.                               FEDERAL COURT**

17 BELMONT VILLAGE SUNNYVALE,
   INC., a California Corporation;
18 BELMONTCORP, a Maryland
   Corporation; BELMONT VILLAGE,
19 and DOES 1-25, inclusive,

20            Defendants.

21
22
23
24
25
26
27
28

NOTICE TO STATE COURT CLERK OF REMOVAL TO FEDERAL COURT

1  TO THE CLERK OF THIS COURT, PLAINTIFF SALVADORE TEMORES AND TO HIS

2  ATTORNEY OF RECORD, ASHWIN LADVA, ESQ. AND THE LADVA LAW FIRM:

3       PLEASE TAKE NOTICE THAT a Notice of Removal of this action was filed in

4  the United States District Court for the Northern District of California on March 28, 2008.  A true

5  and correct copy of the Notice of Removal to Federal Court, Declaration of Ann Schumacher in

6  Support of Defendants' Notice of Removal, and Declaration of Shannon S. Sevey in Support of

7  Defendant's Notice of Removal are attached to this Notice as Exhibit "A," and are served and

8  filed herewith.

9       The filing of said Notice of Removal effects the removal of the above-entitled

10  action from this Court.

11  Dated:  March 28, 2008          PAUL, HASTINGS, JANOFSKY & WALKER LLP
                                    ELENA R. BACA
12                                  SHANNON S. SEVEY

13

14

15  By: _____
                SHANNON S. SEVEY
16
    Attorneys for Defendants
17  BELMONT VILLAGE SUNNYVALE, INC.,
    BELMONTCORP, AND BELMONT VILLAGE
18  L.P.

19

20

21

22

23

24

25

26

27

28

1  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   ELENA R. BACA (SB# 160564)
2  elenabaca@paulhastings.com
   515 South Flower Street
3  Twenty-Fifth Floor
   Los Angeles, CA 90071-2228
4  Telephone: (213) 683-6000
   Facsimile: (213) 627-0705
5
   SHANNON S. SEVEY (SB# 229319)
6  shannonsevey@paulhastings.com
   1117 S. California Avenue
7  Palo Alto, CA 94304-1106
   Telephone: (650) 320-1800
8  Facsimile: (650) 320-1900
9  Attorneys for Defendants
   BELMONT VILLAGE SUNNYVALE, INC.,
10 BELMONTCORP, AND BELMONT VILLAGE L.P.

11              SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                         COUNTY OF SANTA CLARA

13

14 | SALVADORE TEMORES,                    | CASE NO. 1-08-CV 106332 |
15 |                 Plaintiff,            | **NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT** |
16 |        vs.                            |
17 | BELMONT VILLAGE SUNNYVALE,            |
   | INC., a California Corporation;       |
18 | BELMONTCORP, a Maryland               |
   | Corporation; BELMONT VILLAGE, and     |
19 | DOES 1-25, inclusive,                 |
20 |                 Defendants.           |
21

22

23

24

25

26

27

28

LEGAL_US_W # 58543870.1

NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT

1    TO PLAINTIFF SALVADORE TEMORES AND TO HIS ATTORNEY OF RECORD,

2    ASHWIN LADVA, ESQ. AND THE LADVA LAW FIRM:

3

4          PLEASE TAKE NOTICE that a Notice of Removal of this action was filed in the

5    United States District Court for the Northern District of California on March 28, 2008.  A true

6    and correct copy of the Notice of Removal to Federal Court, Declaration of Ann Schumacher in

7    Support of Defendants' Notice of Removal, and Declaration of Shannon S. Sevey in Support of

8    Defendant's Notice of Removal are attached to this Notice as Exhibit "A," and are served and

9    filed herewith.

10

11          The filing of said Notice of Removal affects the removal of the above-entitled

12    action from this Court.

13
     Dated:  March 28, 2008              PAUL, HASTINGS, JANOFSKY & WALKER LLP
14                                        ELENA R. BACA
                                          SHANNON S. SEVEY
15

16

17                                        By: _____
                                                SHANNON S. SEVEY
18
                                          Attorneys for Defendants
19                                        BELMONT VILLAGE SUNNYVALE, INC.,
                                          BELMONTCORP, AND BELMONT VILLAGE
20                                        L.P.

21

22

23

24

25

26

27

28
                                          -2-