PAUL, HASTINGS, JANOFSKY & WALKER LLP
ELENA R. BACA (SB# 160564)
elenabaca@paulhastings.com
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA 90071-2228
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

SHANNON S. SEVEY (SB# 229319)
shannonsevey@paulhastings.com
1117 S. California Avenue
Palo Alto, CA 94304-1106
Telephone: (650) 320-1800
Facsimile: (650) 320-1900

Attorneys for Defendants
BELMONT VILLAGE SUNNYVALE, INC.,
BELMONTCORP, AND BELMONT VILLAGE L.P.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SALVADORE TEMORES, | CASE NO. 5:08-CV-01711-RMV |
| Plaintiff, | |
| vs. | JOINT CIVIL CASE MANAGEMENT STATEMENT |
| BELMONT VILLAGE SUNNYVALE, INC., a California Corporation; BELMONTCORP, a Maryland Corporation; BELMONT VILLAGE, and DOES 1-25, inclusive, | |
| Defendants. | |

PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(f) and Local Rule 16-9, Plaintiff Salvadore Temores ("Plaintiff") and Defendants Belmont Village, L.P., Belmont Village Sunnyvale, Inc., and BelmontCorp ("Defendants"), by and through their respective counsel, submit this joint report.

### 1. Jurisdiction and Service

Defendant removed this action under 28 USC §1332 (diversity). Although only two out of three defendants have been formerly served (Defendant Belmont Village, L.P. has not yet been served in this action), Defendants have each appeared in this action and do not contest service.

### 2. The Parties' Factual Assertions

#### a. Plaintiff's Claims

Plaintiff asserts claims for (1) "For Willful Violations of California Labor Code §§ 510 and 204 – Failure to Pay All Wages and Overtime Under California Law," (2) "For Willful Violations of California Labor Code §§ 201, 202, and 203 – Failure to Pay Wages Upon Discharge or Quitting; Waiting Time Penalties," (3) "For Willful Violations of California Labor Code § 226.7 – Failure to Afford Mandatory Breaks or Meal Periods as Required by IWC Orders and Labor Code," (4) "For Willful Violations of Labor Code §226 – Failure to Maintain Pay Records; Failure to Make Pay Records Available Upon Request," (5) "For Violations of California Business and Professions Code Sections 17200, *et seq.* Based Upon Defendants' Unfair Business Acts and Practices," and (6) For Declaratory Relief. Specifically, through these claims, Plaintiff contends that he was improperly classified as exempt under the California Labor Code and Industrial Wage Commission ("IWC") Orders, and is therefore entitled to unpaid overtime compensation, waiting time penalties, premiums for the alleged denial of meal and rest periods, interest, and attorneys' fees and costs. Plaintiff brings this action on behalf of himself alone. Plaintiff also seeks equitable and declaratory relief.

#### b. Defendants' claims and defenses

Defendants Belmont Village Sunnyvale, Inc. and BelmontCorp assert that they were not at any time Plaintiff's employer and therefore cannot be liable for the claims Plaintiff brings.

Defendants, and each of them, further contend that, by virtue of the duties and responsibilities Plaintiff was assigned to perform and actually did perform, Plaintiff was properly classified as exempt from federal and state overtime provisions, and that Plaintiff is therefore not entitled to the damages he seeks, including without limitation, overtime compensation, waiting time penalties, fees, and costs. Defendants further contend that Plaintiff is not entitled to overtime compensation (or associated penalties, interest, fees, and costs) since he did not work the number of hours he claims and will not be able to adduce credible evidence to support such a contention. Defendants further contend that Plaintiff is not entitled to meal and rest period premiums, as he was provided the opportunity to take, and did take, meal and rest periods as required by law. Defendants further contend that Plaintiff cannot satisfy his burden of establishing an entitlement to equitable or declaratory relief.

### c. Principle Factual Issues In Dispute

The principle factual issues in dispute are:

1. What duties Plaintiff was assigned to perform, and how much time Plaintiff was expected to devote to these duties;
2. What duties Plaintiff did perform, and how much time Plaintiff devoted to these duties;
3. Whether Plaintiff satisfactorily performed his duties and responsibilities;
4. What compensation Plaintiff received;
5. What hours Plaintiff worked on a daily and weekly basis; and
6. What meal and rest periods were made available to Plaintiff that he took.
7. The name of the entity that employed Plaintiff.

### 3. Legal Issues

The principle legal issues in dispute are:

1. Whether the duties Plaintiff was expected to perform and/or did perform satisfy the requirements for exempt status under the California Labor Code and IWC Orders;

2. Whether Plaintiff received all compensation due to him, and whether Plaintiff was entitled to all compensation he received; and

3. Whether Plaintiff was provided meal and rest periods as required by law.

### 4. Motions

Plaintiff anticipates filing discovery motions as may become necessary.

Defendants anticipate filing a motion for summary judgment and/or adjudication and discovery motions as may become necessary.

### 5. Amendment of Pleadings

The Parties do not anticipate any amendment of pleadings filed to date.

### 6. Evidence Preservation

The Parties each represent they have made efforts to preserve documents reasonably believed to be relevant to the extent they are available. The Parties have instructed relevant personnel to preserve, and the Parties have or are in the process of collecting and preserving, documents reasonably believed to be relevant. The Parties do not presently anticipate any concerns regarding evidence preservation.

### 7. Initial Disclosures

The parties represent that they have made full and timely initial disclosures required by Fed. R. Civ. P. 26.

## 8. Discovery Plan

### a. Scope and Methods of Discovery

Defendant Belmont Village, L.P. has propounded to Plaintiff requests for production of documents and Plaintiff has responded. Defendant Belmont Village, L.P. has also taken a full day of Plaintiff's deposition.

Plaintiff has propounded a request for documents. Plaintiff will serve notices of depositions in the coming week.

The Parties do not anticipate that they will need to exceed the discovery limits set forth in the Federal Rules and intend to conduct discovery simultaneously and not according to any defined phases.

### b. Production of Electronically-Stored Information

The Parties further agree that, to the extent discovery requires the production of electronically-stored information, the parties may make this production in hard copy or in .tiff format.

### c. Privilege Concerns

The Parties do not anticipate any issues related to privileged information that require Court involvement.

### d. Protective Order

The Parties discussed the need for a protective order to govern the disclosure of sensitive information in this matter, and agreed to implement the Northern District's model Protective Order.

## 9. Class Actions

Not applicable.

## 10. Related Cases

The Parties are not aware of any cases related to this litigation.

## 11. Relief

Plaintiff seeks compensation in the amount of approximately $260,000.00 plus reasonable attorney fees and costs.

Defendants do not seek damages in this case and dispute Plaintiff's entitlement to any of the relief he seeks.

### 12. Settlement and ADR

The Parties have agreed to private mediation with Mr. Mark Rudy on November 13, 2008.

To date, the Parties have not engaged in any settlement discussions.

### 13. Consent to Magistrate

The Parties do not consent to have a Magistrate Judge conduct all further proceedings including trial and entry of judgment.

### 14. Other References

The Parties contend that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### 15. Narrowing of Issues

The Parties believe they will be able to narrow the issues in this matter after further discovery and other key depositions are completed.

### 16. Expedited Schedule

The Parties state that this matter is not suitable for handling on an expedited basis.

### 17. Scheduling

The Parties propose and agree to the following schedule:

| EVENT | SUGGESTED DATE |
|---|---|
| Deadline for Initial Disclosures | May 22, 2008 |
| Last Day to Amend Pleadings by Adding New Claims or New Parties | June 15, 2008 |
| Close of Fact Discovery | October 6, 2008 |
| Plaintiff's Expert Witness Disclosure(s) | November 7, 2008, 5:00 p.m. |
| Defendants' Expert Witness Disclosure(s) | November 14, 2008, 5:00 p.m. |
| Close of Expert Discovery | January 9, 2009 |
| Last Day to File Dispositive Motions | December 12, 2009 |

| | |
|---|---|
| Last Day to File Pretrial Disclosures pursuant to Fed. R. Civ. Proc. 26(a)(3)(c) | March 20, 2009 |
| Pretrial Conference | March 20, 2009 |
| Trial | April 20, 2009 |

### 18. Trial

The Parties estimate that the trial in this matter will last between three (3) and five (5) court days, with each side taking half of the allotted time. As Plaintiff has demanded a jury trial, the trial will be by jury (although there may be issues of law which arise that will be tried to the Judge in this matter).

### 19. Disclosure of Non-party Interested Entities or Persons

Defendants have filed the "Certification of Interested Entities or Persons" pursuant to L.R. 3-16 and have no additional interests to report. Defendants' Certification identifies the following entities which (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

1. GE Capital Corporation, parent company of Defendant BelmontCorp.
2. Belmont Three LLC, General Partner of Belmont Village, L.P.
3. Belmont Two Corporation, former Limited Partner of Belmont Village, L.P.
4. Belmont Village Holding, LLC, current Limited Partner of Belmont Village, L.P.

Plaintiff has not yet filed his "Certification of Interested Entities or Persons."

### 20. Other Matters

The Parties are not aware of any other matters that would facilitate the just, speedy and inexpensive disposition of this matter.

PAUL, HASTINGS, JANOFSKY & WALKER LLP
ELENA R. BACA
SHANNON S. SEVEY


By: _____/s/_____
                Elena R. Baca

Attorneys for Defendants
BELMONT VILLAGE SUNNYVALE, INC.,
BELMONTCORP, AND BELMONT VILLAGE L.P.
LADVA LAW FIRM
ASHWIN LADVA.


By: _____/s/_____
                Ashwin Ladva

Attorneys for Plaintiff
SALVADORE TEMORES

Case No. 5:08-CV-01711-RMV    -8-    **JOINT CIVIL CASE MANAGEMENT STATEMENT**